THE STATE, *Appellant,* v. GREEN.

Division Two, October 10, 1892.

1. **Murder:** INDICTMENT, DESCRIPTION OF WOUND. An indictment for murder need not particularly describe the wound; it is sufficient to allege that it was mortal and caused the death charged.

2. ——: ——. An indictment must allege every substantive fact which the state is required to prove.

3. ——: ——. The indictment in this case which was for murder *held* to be fatally defective.

4. **Criminal Practice:** GRAND JURY. The fact that a former grand jury had refused to find a bill against the defendant is not a sufficient ground for quashing an indictment for the same offense by another jury.

*Appeal from Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

AFFIRMED.

*John M. Wood,* Attorney General, for the State.

(1) The indictment sufficiently charges the offense of murder in the first degree. (2) The second and third grounds assigned in the motion to quash are not well taken. *State v. Snell,* 78 Mo. 240. (3) The failure of one grand jury to indict is no bar to action on the part of a subsequent one.

*B. L. Woodson* for respondent.

GANTT, P. J.—The following indictment was returned by the grand jury in the criminal court of Jackson county at its April term, 1891, against the defendant:

"STATE OF MISSOURI, "County of Jackson. } ss: In the Criminal Court of Jackson County, April Term, 1891.

"The grand jurors for the state of Missouri in and for the body of the county of Jackson upon their oath present that David H. Green whose christian name in full is unknown to the jurors, late of the county aforesaid, on the seventh day of November, 1890, at the county of Jackson, state aforesaid, in and upon one Joseph Beaumont, then and there being, feloniously, wilfully, deliberately, premeditatedly and of his malice aforethought did make an assault, and a certain revolving pistol which then and there was loaded with gunpowder and leaden bullets and by him, the said David H. Green, had and held in his right hand, he, the said David H. Green, did then and there feloniously, wilfully, deliberately, premeditatedly and of his malice aforethought shoot off and discharge at and upon the said Joseph Beaumont, thereby and by thus striking the said Joseph Beaumont with the said leaden bullet, inflicting on and in the forehead and head of said Joseph Beaumont one mortal wound, of which said mortal wound the said Joseph Beaumont then and there instantly died; and so the grand jurors aforesaid upon their oath aforesaid do say that the said David H. Green, him, the said Joseph Beaumont, in the manner and by the means aforesaid, feloniously, wilfully, deliberately, premeditatedly and of malice aforethought did kill and murder against the peace and dignity of the state."

At said term the defendant filed the following motion to quash the indictment:

"*First.* Because the indictment does not sufficiently charge any public offense against the defendant.

"*Second.*   Because the indictment does not locate or describe the alleged mortal wound as to depth, width or in any other way so as to enable the court to say upon inspection and as matter of law that said alleged wound may have caused the death of the deceased.

"*Third.*   Because the alleged striking and killing of the deceased by the leaden bullets, charged to have been shot out of the pistol by the defendant, is not charged to have been felonious, wilful, deliberate, premeditated and of his malice aforethought.

"*Fourth.*   Because before the finding of this indictment a regularly and legally constituted grand jury of Jackson county fully investigated the charge contained in this indictment, then and there having all the witnesses before it that appeared before the grand jury that returned this indictment, and upon consideration of the evidence duly returned into court, in the manner required by law, their finding upon the facts of 'no bill' against this defendant," which was sustained by the court, and the prosecuting attorney representing the state thereupon applied for and was granted an appeal to this court, and the defendant was recognized as the law required.

The state now asks a reversal, assigning as error the sustaining of this motion.   It is clear that the second ground of the motion would not justify the court in quashing the indictment.   In *State v. Snell*, 78 Mo. 240, this court speaking through Judge HENRY said: "Another objection is that the wound is not so described as to show that it was of a character likely to produce death.   It is not necessary that it should. * * * It is sufficient to allege that it was a mortal wound and caused the death of the party." *State v. Sanders*, 76 Mo. 35; *State v. Blan*, 69 Mo. 317; *State v.*

*Edmundson*, 64 Mo. 398; *Com. v. Woodward*, 102 Mass. 155; *West v. State*, 48 Ind. 483.

II.   Nor could the action of the court be sustained on the fourth ground of the motion, "that a former grand jury had ignored the bill." Neither the mere finding, or refusing to find, an indictment by one grand jury will affect the power of another grand jury to indict.

III.   The other two grounds, viz.:   That "the indictment does not charge any public offense," and "does not charge *the wounding* to have been felonious, wilful, deliberate and premeditated and of malice aforethought," will be considered together, as they challenge the sufficiency of the indictment in matters of substance.

This court in *State v. Blan*, 69 Mo. 317, held that it was not the purpose or design of our statute of jeofails to change our entire system of criminal practice, and said "the ancient forms of proceeding have been retained with specific modifications." It is still necessary to allege every substantive fact which the state must prove, in order that the defendant may know "the nature and cause of the accusation" against him. Measured by all the approved precedents, this indictment is insufficient, in that it fails to aver, after alleging that the defendant shot and discharged the pistol at Beaumont, *"that, with the bullet so shot out of the said pistol, the defendant, then and there feloniously, wilfully, deliberately, premeditatedly and of his malice aforethought did strike, penetrate and wound the said Joseph Beaumont, in and upon the head of him, the said Beaumont,"* etc.

The words "thereby and by thus striking" indicate that the pleader had previously alleged a striking and wounding, but an inspection of the indictment will

demonstrate that he wholly omitted this most material averment.

The form for this indictment is found in 3 Chitty on Criminal Law, pages 750 and 752, and in note "d" the learned author lays it down, that "the word strike should always be inserted where death is caused by violence." This form in Chitty, *supra*, is followed in 1 Wharton's Precedents, 117, and is based upon the decisions of Massachusetts, New York, Alabama, Kansas, Nevada and other states, and it has been the uniform practice in this state. In charging a crime of so grave a nature, there is safety in following the approved precedents.

However desirable it may be to dispense with unnecessary formality in pleading, care must be taken that we do not omit allegations of substance, long deemed essential for the information and protection of the accused. *Thompson v. State*, 26 Ark. 323; *State v. Blan*, 69 Mo. 317; *State v. Mayfield*, 66 Mo. 125.

It follows that the judgment of the criminal court must be affirmed. All concur.