## THE STATE v. WILLIAMS, Appellant.

### Division Two, November 22, 1904.

1. **INFORMATION: Charles and Charley.** An information which charges an assault upon "Charles Clark" and a wounding and killing of "the said Charley Clark." is not fatally defective.

2. ———: **Sufficiency: Striking and Wounding.** Where in a murder case there is neither a charge of felonious striking or wounding, nor the words "then and there" connecting the felonious assault with the striking or wounding, the information is fatally defective. It is the homicide that must be alleged to have been done feloniously; the assault is not the offense.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED.

*Duncan & Bragg* for appellant.

(1) The information charges an assault upon the body of one Charles Clark and the wounding and killing of Charley Clark. The court cannot presume that Charles Clark and Charley Clark are one and the same person. It is possible, and more than probable, among colored people, for these two names to represent two different parties. (2) The information does not charge any public offense, either common or statutory, in that it does not charge the alleged striking and killing and wounding of the deceased, by the leaden balls charged to have been shot out of the pistol by the defendant, to have been felonious, willful, deliberate, premeditated and of his malice aforethought, but on the contrary it charges "shoot off and discharge, at and upon the body of him, the said Charley Clark thereby and thus striking him, the said Charley Clark, with the leaden balls aforesaid, so shot off and discharged as aforesaid, in-

flicting on and giving to him on and in the right side of the body of him the said Charley Clark one mortal wound,'' etc.   The words ''thereby and thus striking'' would indicate that the pleader had previously alleged a striking and wounding, but an inspection of the information will demonstrate that he has wholly omitted this material averment.   State v. Herrill, 97 Mo. 105; State v. Clayton, 100 Mo. 516; State v. Fairlamb, 121 Mo. 154; State v. Green, 111 Mo. 585; State v. Ferguson, 162 Mo. 673; State v. Rector, 126 Mo. 329.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

The information is sufficient.   It follows the approved forms of informations and indictments for murder in the first degree.   The prosecuting officer properly verified it by his own oath.

GANTT, P. J.—The defendant, a negro man, was prosecuted by information duly verified and filed by the prosecuting attorney of Pemiscot county, for the murder of one Charles Clark on the third day of March, 1901.   He was duly arraigned, pleaded not guilty, and was convicted of murder in the second degree.   From the sentence imposed in pursuance of this verdict, he appeals to this court.   The only error of which he complains is the insufficiency of the information upon which he was tried.   He challenged the information by a motion in arrest of judgment which was overruled, and he saved his exception.   The information, omitting caption, is in the following words:

''L. L. Collins, prosecuting attorney within and for the county of Pemiscot, in the State of Missouri, upon his official oath informs the court that John Williams, late of the county aforesaid, on the third day of March, 1901, at the county of Pemiscot, State aforesaid, did then and there in and upon the body of one Charles

Clark then and there being, unlawfully, willfully, feloniously, deliberately, premeditatedly, on purpose and of his malice aforethought make an assault, and a certain dangerous and deadly weapon, to-wit, a pistol, which said pistol was then and there loaded with gunpowder and leaden balls, and which said pistol he, the said John Williams, then and there in his hand had and held, the said John Williams, did then and there unlawfully, willfully, feloniously, deliberately, premeditatedly, on purpose and of his malice aforethought shoot off and discharge at and upon the body of him the said Charley Clark, thereby and thus striking him the said Charley Clark with the leaden balls aforesaid, so shot off and discharged as aforesaid, and inflicting on and giving to him on and in the right side of the body of him the said Charley Clark one mortal wound, of the breadth of one-half inch and of the depth of six inches, of which said mortal wound he the said Charley Clark at the county of Pemiscot and State of Missouri then and there instantly died. And so L. L. Collins, prosecuting attorney aforesaid, upon his official oath aforesaid, states that he the said John Williams, him the said Charley Clark, in the manner and by the means aforesaid, unlawfully, willfully, feloniously, deliberately, premeditatedly on purpose and of his malice aforethought, did kill and murder; against the peace and dignity of the State.''

I.   It is insisted, first, that the information charges an assault upon *Charles* Clark and a wounding of *Charley* Clark, and that it can not be presumed they are one and the same person. We think there is no merit in this point. It is charged that the wounding and kill- was of the ''*said* Charley Clark.''

II.   The serious objection to the information is its failure to charge ''a felonious striking, penetrating and wounding of the said Clark.''

The information in this case is to all intents and purposes a copy of the indictment which was held in-

sufficient in State v. Green, 111 Mo. 585.   That case has often been cited by this court and never condemned or overruled.   An indictment or information for murder under our practice must contain all the essential averments that were required at common law.   Our statute of jeofails has not dispensed with any of the material averments which were necessary at common law.

In Chitty's Criminal Law, vol. 3, star pages 752, 753 and 754 it is laid down that it is always necessary in charging a murder by shooting to use the words "did strike and wound" and that the striking and wounding was done "feloniously, willfully, premeditatedly and of malice aforethought."   In his Precedents of Indictments and Pleas, Wharton says: "Wherever death is caused by physical violence, it is proper that the indictment should allege that the defendant *struck the deceased.* [See 5 Coke, 122a; 2 Hale, 184; 2 Hawkins, ch. 53, sec. 82; Wharton's Crim. Law (8 Ed.), sec. 530; Edmondson v. State, 41 Tex. 496.]"

It is true that there are cases in which the legal equivalents of "strike and wound" have been held sufficient, as in Gibson v. Com., 2 Va.   Cases 111, in which the murder was committed by stabbing with a dirk, and it was ruled that the words "did stab, stick and thrust" were sufficient.

But in all the cases where the common law prevails it has always been held necessary to allege the striking or wounding to have been done feloniously, premeditatedly and of malice aforethought.   It is not necessary to repeat those words immediately before the charge of striking or wounding where the technical words feloniously, premeditatedly, deliberately and of malice aforethought have been used in charging the assault and the words "then and there" connect these words with the charge of the fatal stroke or wounding, for in such cases the words feloniously, etc., will run through the subsequent allegations and thus connect them with the mortal stroke to which they are essential.   [State v.

Herrell, 97 Mo. 108 and 109.] But where, as in this case, the words "then and there" are omitted, it has been held the indictment is bad. [State v. Feaster, 25 Mo. 324; State v. Herrell, 97 Mo. 105.] And so in State v. Arnewine, 126 Mo. 567, the charge was, "did make an assault, and with a certain pistol, commonly called a revolver, loaded and charged with gunpowder and leaden balls, which he, the said William Arnewine, then and there willfully, feloniously, deliberately, premeditatedly, on purpose, and of his malice aforethought, did shoot and discharge at, to, against, in and upon the body of him, the said George Keeton, giving to him, the said George Keeton, then and there, with the pistol loaded and charged, had and held, shot off and discharged as aforesaid, in and upon the left side of the abdomen, him, the said George Keeton, one mortal wound," etc. It was held sufficient as the technical words described the shooting and the wounding, but in that case the indictment was barely held good and by no means approved as good pleading. But in this information there is neither a charge of felonious striking or wounding nor the words "then and there" connecting the felonious assault with such wounding. As said in State v. Feaster, 25 Mo. 327, the offense is not the assault; it is the homicide which must be alleged to have been done or committed feloniously, etc. As was said in State v. Green, 111 Mo. 585, the words "thereby and by thus striking," indicate that the pleader had previously alleged a felonious striking and wounding, but a reading of the information will show that a charge of felonious striking and wounding has been wholly omitted and such an allegation is material and necessary.

The offense is a grave one and the defendant may be guilty, but we are not justified on that account in relaxing those essentials of an indictment which have so long been held necessary. We can make no distinc-

tion between this information and the indictment which was condemned in State v. Green, 111 Mo. 585.

The information is insufficient, and the judgment must be and is reversed, and the defendant remanded to the custody of the sheriff of Pemiscot county in order that a new information or indictment may be preferred if desired.

All concur, except *Burgess, J.,* absent.