## THE STATE v. NELSON JOHNSON, Appellant.

**Division Two, November 21, 1905.**

**INFORMATION FOR MURDER: Fatally Defective.** An information charging murder by shooting with a pistol, which fails to allege that defendant, with the leaden balls shot out of the pistol, did *strike and penetrate,* etc., is fatally defective.

Appeal from Pemiscot Circuit Court.—*Hon. J. L. Fort,* Special Judge.

REVERSED AND REMANDED.

*J. S. Gossom* and *B. A. M'Kay* for appellant.

A careful examination of the information will disclose the fact that the pleader has wholly failed to charge a felonious striking, penetrating and wounding. State v. Williams, 184 Mo. 261; State v. Green, 111 Mo. 585; State v. Ferguson 162 Mo. 673; State v. Herrell, 97 Mo. 105; State v. Feaster, 25 Mo. 324; State v. Arnwine, 126 Mo. 567; State v. Rector, 126 Mo. 329.

*Herbert S. Hadley,* Attorney-General, and *John Kennish,* Assistant Attorney-General, for the State.

GANTT, J.—This is a prosecution for murder in the second degree by information filed by the prosecuting attorney of Pemiscot county against the defendant, Tom Johnson, Ed Johnson and Lon Moore for the murder of Elvey Williams. The defendant was separately tried and convicted of murder in the second degree and his sentence fixed at ten years in the State penitentiary.

From that conviction he appeals. The information in this case is identical with that filed in State v. Wil-

liams, 184 Mo. 261, and is fatally defective in that it fails to charge that the defendants, with the leaden balls shot out of the pistol, did strike and penetrate the body of the said Elvey Williams. It was ruled in State v. Green, 111 Mo. 585, that this was an absolutely essential allegation in such a case, and upon the authority of State v. Williams, 184 Mo. 261, and State v. Green, 111 Mo. 585, the information herein must be and is held fatally defective and accordingly the judgment is reversed and the cause remanded in order that a new information may be filed, and the prisoner is remanded to the custody of the sheriff of Pemiscot county to await such action by the prosecuting attorney.

*Burgess, P. J.,* and *Fox, J.,* concur.