**STATE of Missouri, Respondent,**

v.

**Elvin Wayne ADAMS, Appellant.**

**No. 51512.**

Supreme Court of Missouri,
Division No. 2.

June 13, 1966.

Norman H. Anderson, Atty. Gen., Donald L. Randolph, Asst. Atty. Gen., Jefferson City, for respondent.

Elvin Wayne Adams pro se.

STOCKARD, Commissioner.

Defendant has appealed from the order of the trial court, entered without a hearing, denying his motion filed pursuant to Criminal Rule 27.26, V.A.M.R., to vacate a judgment entered in a criminal proceeding

wherein defendant was charged as an habitual criminal with the offense of rape and received a sentence of life imprisonment. Upon appeal the judgment was affirmed by this court. State v. Adams, Mo., 380 S.W. 2d 362.

Defendant's motion is inartfully drawn. It consists mostly of allegations of conclusions, and a purported analysis of several federal cases. By sifting therefrom the extraneous material we find that defendant asserts that the challenged judgment should be declared void because he was denied due process of law in that (1) the trial court admitted into evidence over his objection an involuntary confession obtained by coercion, and (2) he was not furnished counsel during interrogation by the police.

Defendant alleges that "except for dozing in a chair in the squadroom [he] had no sleep during the time taken to force him to sign the police constructed confession, no food, not arraigned before any judicial officer, and certainly not advised as to his right to counsel or the right not to speak, except in so far as these advices are in the opening paragraph of the police constructed confession." He later states in the motion that "I was beat and made to sign the untruthful constructed document presented in court."

■ The contention that the written confession admitted into evidence was involuntary because obtained by coercion was one of the issues presented by defendant on his appeal. See State v. Adams, supra, 380 S.W.2d at p. 368. This court there pointed out that at the trial the evidence for and against defendant's contention was first heard by the court out of the presence of the jury and the court ruled that it was admissible in evidence. The evidence for and against defendant's contention was then presented before the jury, and the question of the evidentiary worth of the confession was submitted to the jury as follows: "The Court instructs the Jury that any oral or written statement made by any defendant, even though it should contain matters that tend to prove his guilt, is admissible in evidence against the defendant and is to be given such probative value as evidence as you believe it deserves, if you find it was voluntarily given." There then followed a proper definition of the term "voluntarily." See State v. Washington, Mo., 399 S.W.2d 109, at pp. 113–114 where this procedure was held to comply with the requirements of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. The effect of defendant's contention in his motion is that he wants a second hearing on the precise issue adjudicated at his trial and affirmed on appeal, but in view of the previous adjudication "he is thereby precluded from litigating the questions further by means of a motion to vacate and set aside under Rule 27.26 filed in the trial court." State v. Thompson, Mo., 324 S.W.2d 133, 139. See also State v. Morton, Mo., 349 S.W.2d 914; State v. Johnstone, Mo., 350 S.W.2d 774, 777, certiorari denied, 369 U.S. 877, 82 S.Ct. 1149, 8 L.Ed.2d 280; State v. Mallory, Mo., 349 S.W.2d 916; State v. Worley, Mo., 371 S.W.2d 221. The trial court was authorized to, and properly did, overrule without a hearing this contention contained in the motion.

■ Defendant attempts to bring himself within the scope of Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed. 2d 1479, which held, generally speaking, that admissions elicited from a defendant during a period of unlawful detainment by police are inadmissible. There are no allegations of fact in defendant's motion which if true would show an illegal arrest or unlawful detainment. The only allegation is that he was "not arraigned before any judicial officer." The transcript shows that defendant was properly arraigned and entered a plea of not guilty. This is a matter that was reviewed on appeal pursuant to Criminal Rule 28.02, V.A.M.R. The allegation, standing alone as it does, that he had not been arraigned at the time of interrogation does not authorize a finding of

unlawful detainer by the police. Defendant also cites Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. There is no allegation in the motion that defendant requested an opportunity to obtain counsel, or that he had counsel and was denied the opportunity to confer with him. Neither is there an allegation that he wanted counsel at or before the interrogation by the police. The Escobedo case is not applicable. See State v. Spica, Mo., 389 S.W. 2d 35, 56. "We have never held that the lack of an attorney when a defendant is interrogated and a statement is taken renders the confession invalid per se." State v. Davis, Mo., 400 S.W.2d 141, 149. See also, State v. Donnell, Mo., 387 S.W.2d 508, 511. Defendant has alleged no facts which, if true, would authorize a finding that in connection with his interrogation by the police there occurred an infringement of any constitutional right. The trial court properly ruled, without a hearing, that there was no merit to the contention that defendant was not furnished counsel during interrogation by the police.

We note, in addition to the above, that defendant's motion contains a statement in the form of a conclusion that he was not advised of his "right not to speak," but he admits that the written confession signed by him contained a statement wherein he acknowledged that he was so advised. There is nothing in the motion which would authorize a finding that this statement in the written confession was not correct.

The judgment is affirmed.

BARRETT, C., concurs.

PRITCHARD, C., not sitting.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.