**STATE of Missouri, Respondent,**

**v.**

**Willie D. WILLIAMS, Appellant.**

**No. 52556.**

Supreme Court of Missouri,
Division No. 1.

Nov. 13, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, James P. Jouras, Special Asst. Atty. Gen., Kansas City, for respondent.

J. Whitfield Moody, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

WELBORN, Commissioner.

By information in the Jackson County Circuit Court, Willie D. Williams was charged with murder in the first degree. Tried as a second offender, in accordance with § 556.280, RSMo 1959, V.A.M.S., he was found guilty of murder in the second degree. The court fixed a sentence of 25

years' imprisonment and this appeal followed.

The victim of the homicide, which occurred in Kansas City on February 6, 1966, was Al Kirkland. The state's evidence showed that the appellant, the victim and others had engaged in a dice game in the early morning hours at the apartment of Willie Kirkland, the brother of Al. Frances Kirkland, Willie's wife, was the only eyewitness to the actual shooting. According to her, Al had called her into a room and told Frances that he wanted her to give some money to Al's wife because they were separating; that, as Al was counting out some money, the appellant entered the room, pointed a pistol at Al, and demanded the money. The appellant fired one shot, and Al gave him the money. The appellant demanded "every penny" and fired further shots. Al fell to the floor, mortally wounded, and the appellant left the premises. He was arrested in Kansas City on March 16, 1966. The arresting officers said that appellant told them that he was involved in the shooting; that a woman had given Al the gun just prior to the shooting; that, as he and Al were struggling for the gun, it accidentally discharged. The weapon was not found.

Appellant, testifying in his own behalf, stated that he had gone to the apartment at Al's invitation and that he had advanced Al $50 as a stake for the crap game which Al was promoting. According to appellant, he was to receive 50% of the winnings and Al was "pretty good with a pair of craps." At first, Al's luck was poor, but it turned, and he finally won all of the money in the game. According to appellant, he asked Al for his money and Al grabbed him by the neck and started choking him. Al pulled a pistol "and we were wrassling with the pistol, and it went off two or three times, and he fell on the floor, and I walked out the door."

The sole question on this appeal relates to an amendment of the information on which appellant was tried. The original information, filed March 30, 1966, charged murder in the first degree. On March 31, defendant was arraigned on the information and pleaded not guilty to the charge of murder in the first degree. Trial was set for May 9, 1966, but did not take place on that date.

On May 23, 1966, the state filed an amended information, ostensibly intended to add allegations making the second offender act applicable.

On June 29, 1966, trial began. The state's evidence was clearly aimed at proving a homicide and the defendant testified, as above set out, to establish his defense of accidental death.

On the second day of the trial, after the evidence had been closed, but before the court had instructed the jury, the state asked leave to amend the information. Over the appellant's objection, the amendment was permitted. The words inserted by the amendment are italicized in the following final version of the information (omitting formal portions and the second offender charges) as amended at that time:

" * * * [O]n the 6th day of February, 1966, at the County of Jackson, State of Missouri, the said Willie Delanor Williams did wilfully, feloniously, premeditatedly, and deliberately and of his malice aforethought, make an assault in and upon *the said Al Kirkland with a dangerous and deadly weapon, to-wit: A pistol loaded with gunpowder and leaden balls, there and then inflicting on the said Al Kirkland a mortal wound, and from said mortal wound* the said Al Kirkland within one year thereafter, February 6, 1966, at the County of Jackson and State of Missouri, died."

The appellant's objection to the amendment was that the information on which the trial had been conducted charged only common assault, and that the amendment caused it to charge a new offense. The trial court ruled that the amended information had contained a typographical error; that the defendant was not surprised and that no harm came to the defendant by the

amendment. On this appeal, appellant contends that the right to amend the information at the close of the evidence was limited by Supreme Court Rule 24.02, V.A.M.R. That rule permits amendment of an information "at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." The appellant does not challenge the trial court's conclusion that the original amended information contained typographical errors nor does he claim that the amendment permitted in any manner surprised appellant.

There can be no doubt that the state and the defendant proceeded to trial on the theory that the charge against the defendant was murder in the first degree. A venire of 47 jurors was obtained. This is the number which would be required under § 546.180 for the trial of a capital case. The state offered detailed evidence, without objection, as to the cause of Kirkland's death. The coroner testified as to the result of an autopsy on the body of the deceased and that the cause of the death was gunshot wounds. Other than the defendant, whose version of the events was given above, the defense offered two witnesses. One testified that he had seen Kirkland earlier in the evening and that he had a pistol in his belt. The other, the defendant's girl friend who went with him to the Kirkland apartment, testified that the defendant had no weapon that night and did not own a gun. Thus, all of the defense evidence was directed toward refuting a charge of murder.

■ In these circumstances, the fundamental requirements of Supreme Court Rule 24.02, V.A.M.R., were met. There was no amendment which charged a different offense than that on which the trial had actually been conducted. Nor was there any basis for claims that the defendant had been surprised or otherwise prejudiced by the amendment which brought the information to charge the offense against which the defense had been directed.

This case differs from that of State v. Thompson, Mo.Sup., 392 S.W.2d 617, relied upon by appellant. In Thompson, the original charge of attempted robbery had been changed, by amendment, to assault with intent to rob. No preliminary hearing had been afforded on the amended information. The court held that the change in the information to charge a new and different offense was not permissible and set aside the conviction for assault with intent to rob. Here, the amendment supplied an omission and did not result in a charge other than that originally stated in the cause. There is no showing, on the facts of this case, of prejudice to the appellant and the ruling of the trial court was not erroneous.

■ Appellant's brief, in this court by appointed counsel (appellant had counsel of his own choice on the trial), sets out two matters raised in appellant's motion for new trial, but states that counsel on the appeal are unable to find authority to support the assignment. This is not sufficient allegation of error to preserve this matter for review. State v. McLachlan, Mo.Sup., 283 S.W.2d 487, 489(5).

We find no error in the matters of record examined pursuant to Supreme Court Rule 28.02, V.A.M.R.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.