Charles Lee CRAWFORD, Appellant,

v.

STATE of Missouri, Respondent.

No. 53878.

Supreme Court of Missouri.

Division No. 1.

Feb. 10, 1969.

Norman H. Anderson, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

J. W. Grossenheider, Lebanon, for appellant.

WELBORN, Commissioner.

Appeal from denial of relief in Supreme Court Rule 27.26, V.A.M.R. proceeding.

Charles Lee Crawford, charged as a second offender, was found guilty by a Laclede County Circuit Court jury of murder in the first degree. The court fixed the punishment at life imprisonment. On appeal to this court, the conviction was affirmed. State v. Crawford, Mo.Sup., 416 S.W.2d 178.

Crawford filed a motion under Supreme Court Rule 27.26, in the Laclede County Circuit Court. The court appointed counsel who had represented Crawford at the trial and on the prior appeal to represent him in the collateral proceeding. A hearing was held, with Crawford present and represented by counsel. The movant offered as the evidence in support of his motion the transcript of the proceedings at the trial. Counsel informed the court that he was submitting by the motion "all the constitutional issues * * * presented on appeal" and that he knew of no other constitutional issues not covered in the appeal proceeding.

The trial court found that the issues tendered by the 27.26 motion were those which had been previously presented and determined on the prior appeal and concluded that the opinion in State v. Crawford, supra, was determinative of the issues presented by the motion.

On this appeal, the sole contention is that the trial court's conclusion that the opinion in State v. Crawford is determinative of the issues in the 27.26 proceeding was erroneous. Appellant contends that, inasmuch as Rule 27.26(b) (3) permits "trial errors affecting constitutional rights [to] be raised even though the error could have been raised on appeal," a movant "is permitted by this rule to point out trial errors that were raised on appeal and decided adversely to him." However, counsel has overlooked the admonition in the preceding sentence of Rule 27.26(b) (3) that the motion is not to be employed ordinarily as a substitute for a second appeal. The amendment of Rule 27.26, effective September 1, 1967, did not alter the previously established rule that issues disposed of by the appellate court on review of the original judgment will not be reviewed in a collateral attack by motion pursuant to Rule 27.26. State v. Adams, Mo.Sup., 403 S.W. 2d 604, 605[1]. This is the rule followed by the federal court in the application of § 2255 of Title 28, U.S.C.A. Smith v. United States, 8th Cir., 356 F.2d 868, 873 [10–15], cert. den. 385 U.S. 820, 87 S.Ct. 44, 17 L.Ed.2d 58; Butler v. United States, 8th Cir., 340 F.2d 63, 64[1, 2], cert. den. 382 U.S. 847, 86 S.Ct. 92, 15 L.Ed.2d 87.

Goodwin v. Swenson, U.S.D.C., W.D. Mo., 287 F.Supp. 166, cited by appellant, does not require that state post-conviction procedure afford a second review of the identical questions on the identical evidence considered and passed upon in a prior direct appeal.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.