STATE of Missouri, Respondent,

v.

Jerome HOLLAND, Appellant.

No. 53721.

Supreme Court of Missouri,
Division No. 1.

March 10, 1969.

Norman H. Anderson, Atty. Gen., Jefferson City, Gene E. Voigts, Sp. Asst. Atty. Gen., North Kansas City, for respondent.

J. Arnot Hill, Kansas City, for appellant.

SEILER, Judge.

This is an appeal from a denial of a motion to vacate judgment and sentence under Rule 27.26, V.A.M.R. In 1965 defendant pleaded guilty to a charge of murder in the first degree. He was sentenced to imprisonment for life. A few months later he filed a motion to withdraw his plea of guilty and set aside the judgment and sentence. This motion was overruled by the trial court, affirmed in State v. Holland (Mo.Sup.), 411 S.W.2d 181. The present motion is based on the claim that the information was defective in that it did not make it plain whether the shotgun used by the defendant in making the felonious assault was used to shoot the deceased or whether defendant used it as a club. The information alleged, in substance, that the defendant made an assault upon the deceased with a loaded shotgun, inflicting upon him a mortal wound, from which he died on the same date.

By motion for a bill of particulars the defendant could have required the state to allege how the mortal wound was given. In the absence of such a motion (as was the case here), the established law is that the charge will be taken as meaning that the loaded shotgun was used for its usual purpose—to fire a shot. See State v. Haynes (Mo.Sup.), 329 S.W.2d 640, 642, where an almost identical information was considered and found sufficient.

Defendant cites State v. Johnson, 191 Mo. 177, 90 S.W. 89, decided in 1905, as directly in point. State v. Johnson held an information defective on the authority of State v. Green, 111 Mo. 585, 20 S.W. 304, decided in 1892, which held that an indictment framed in common-law pleading language was defective in that it failed to aver "that with the bullet so shot out of said pistol, the defendant then and there feloniously * * * did strike, penetrate, and wound the said Joseph Beaumont, in and upon the head of him, the said Beaumont", etc., despite the fact that the indictment expressly charged that defendant feloniously, etc. shot the pistol at Beaumont, thereby striking him with a bullet and inflicting in his forehead a mortal wound from which he instantly died. The court

there relied on a citation from Chitty, Criminal Law, published in 1847. As recounted in State v. Stringer, 357 Mo. 978, 211 S.W.2d 925, 928–929, the basic reason for the extremely technical requirements of common-law indictments was to restrain the "brutal severity of the criminal law" of several centuries ago, but now " * * * the circumlocutions and repetitions of the common law are no longer essentials of substance * * * " We decline to judge the information in the case at bar by the standards of State v. Johnson and State v. Green, supra.

 Defendant argues that he pleaded guilty in ignorance of the information which could have been obtained from the filing of a motion for a bill of particulars. Perhaps this argument is different from the claim that he pleaded guilty in ignorance of his rights, a claim which has already been considered and ruled against him in State v. Holland, supra, but if so we are not impressed by it, because State v. Holland shows there was no difference between state and defendant over the fact that the shotgun was used to shoot deceased. The only difference was whether defendant shot deceased in the neck at point blank range, with no justification, or whether, as defendant claimed, deceased had attacked him earlier in the evening and later defendant shot him from a distance of ten or twelve feet. Since defendant was " * * * presumably innocent and not therefore chargeable with knowledge of the details of the crime with which he is charged", State v. Mace (Mo.Sup.), 357 S.W.2d 923, 925, we should not decide there is no merit to his complaint on the basis of what after he pleaded guilty it turns out he actually knew. However, the facts as related above about the use of the shotgun were stated to the trial judge by counsel for the state and by defendant, his sister, and his counsel before the court accepted the guilty plea, State v. Holland, supra, 411 S.W.2d l. c. 183. This shows that defendant did not plead guilty in ignorance of what he could have learned about the use made of the shotgun had he filed a motion for a bill of particulars.

Judgment affirmed.

All of the Judges concur.