**Willie D. WILLIAMS, Petitioner,**

v.

**STATE of Missouri, Respondent.**

No. 54662.

Supreme Court of Missouri,
Division No. 1.

Feb. 9, 1970.

J. Arnot Hill, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for petitioner.

John C. Danforth, Atty. Gen., Jefferson City, Charles A. Blackmar, Asst. Atty. Gen., for respondent.

WELBORN, Commissioner.

Motion under Supreme Court Rule 27.26, V.A.M.R., to set aside judgment and sentence of 25 years' imprisonment for murder, second degree. The trial court determined that no factual issue was presented by the motion. Upon consideration of the motion, relief was denied. Movant appealed.

The conviction of movant, Willie D. Williams, was affirmed by this court on direct appeal. State v. Williams, 420 S.W.2d 280. The motion below in this case was based upon the trial court's permitting an amendment by interlineation of the information upon which he was tried, the question presented on the direct appeal. The motion alleged that allowing the amendment, after all the evidence had been presented, violated numerous specified provisions of the state and federal constitutions. The trial court found against movant's contentions.

On this appeal, appellant again argues that the court erred at the original trial in permitting the amendment of the information. Appellant cites State v. Williams, 184 Mo. 261, 83 S.W. 756; State v. Johnson, 191 Mo. 177, 90 S.W. 89, and State v. Green, 111 Mo. 585, 20 S.W. 304, all of which deal with the sufficiency of an information in a murder case. None dealt with the question of amendment of an information. After citing and quoting from these cases, appellant's brief on this point concludes: "Under these authorities the original information was defective. In permitting the amendment the court denied appellant due process of law in violation of the Fourth (sic) Amendment of the Constitution of the United States." No authority is cited in support of the constitutional proposition and no further exposition of the matter is made. A mere as-

sertion such as that found in appellant's brief presents no constitutional question for our consideration.

Appellant having advanced nothing on this proposition calling for further consideration of the question decided on the direct appeal, the trial court's denial of relief on this ground is not erroneous. Crawford v. State, Mo.Sup., 436 S.W.2d 632.

■ Appellant's second point on this appeal is that he was denied effective assistance of counsel on the trial because his trial counsel failed to object to the introduction of evidence of a homicide, when the information upon which the trial proceeded charged only an assault. This is not the basis of the claim of denial of assistance of counsel, asserted in the motion and considered by the court below. The ground below was that permitting the amendment "influenced the petitioner's counsel in his probable defense" and his right to effective assistance of counsel was thereby violated. The trial court found against appellant on this contention. No effort has been made here to demonstrate that the trial court's ruling was clearly erroneous.

We do not consider the new and different ground of relief, advanced for the first time on this appeal. State v. Eaton, Mo. Sup., 394 S.W.2d 402, 403 [1, 2]; State v. Hegwood, Mo.Sup., 415 S.W.2d 788, 791–792 [4].

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

SEILER, P. J., HOLMAN, J., and HENLEY, Alternate Judge, concur.

STORCKMAN, J., not sitting.