**Willie D. WILLIAMS, Petitioner,**

v.

**STATE OF MISSOURI, Respondent.**

**No. 18476-4.**

United States District Court,
W. D. Missouri, W. D.

Aug. 24, 1970.

Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

ELMO B. HUNTER, District Judge.

Petitioner, a state prisoner currently confined in the Missouri State Penitentiary at Jefferson City, Missouri, has filed in forma pauperis a petition for writ of federal habeas corpus. Leave to proceed in forma pauperis was granted by the Court in the order to show cause entered July 6, 1970.

On August 31, 1966, petitioner was sentenced by the Circuit Court of Jackson County, Missouri, to a term of twenty-five years imprisonment following a jury conviction for murder in the second degree. Petitioner was sentenced in connection with the provisions of the Missouri Habitual Criminal Act.

Following this conviction and the denial of his motion for new trial, petitioner appealed the judgment of conviction to the Missouri Supreme Court. On this direct appeal, the judgment of conviction was affirmed. See: State v. Williams, 420 S.W.2d 280 (Mo.1967). Shortly thereafter, on August 15, 1968, petitioner filed in the Circuit Court of Jackson County a motion to vacate sentence under Missouri Supreme Court Rule 27.26, V.A.M.R. That motion was denied without a further evidentiary hearing and, on appeal, the adverse decision of the trial court was affirmed. See: Williams v. State of Missouri, 449 S.W.2d 574 (Mo.1970).

In support of his present application for federal habeas corpus relief, petitioner states the following: that on May 23, 1966, the State of Missouri filed an amended information charging petitioner with felonious assault; that, on June 29, 1966, the trial of petitioner's case was commenced upon that charge; that, on June 30, 1966, after the close of all the evidence, the State was granted leave to amend the information by interlineation; that the amendment of the information was made over the objection of petitioner's counsel; and that this amended information charged petitioner with a different and more severe offense—murder in the first degree. It is the contention of the petitioner that the amendment of the information after the commencement of his trial violated his federally-protected constitutional rights to effective assistance of counsel, to trial by impartial jury, to due process and equal protection of law, to the prohibition against cruel and unusual punishment, and to the prohibition against double jeopardy.

On direct appeal to the Missouri Supreme Court, petitioner contended that the state was foreclosed from amending the information by the provisions of Missouri Supreme Court Rule 24.02 which permits amendment only "if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." However, in presenting that contention, petitioner did not claim that the amendment in any manner surprised him. Furthermore, petitioner presented his contentions entirely as a matter of state statutory and substantive law. He did not raise the constitutional issues herein presented at that time.

In reviewing the record as it then existed, the Missouri Supreme Court found that, as a matter of state law, petitioner had made no showing of prejudice or surprise which would invalidate petitioner's conviction. See: State v. Williams, 420 S.W.2d 280, 282 (Mo.1967). And, since the issues presented on that direct appeal were not raised within a constitutional framework, they were not reviewed by the Missouri Supreme Court in that context.

In his *pro se* motion under Missouri Supreme Court Rule 27.26, petitioner did contend that the amendment of the information constituted a violation of his federally-secured constitutional rights and certain rights secured under state law. Additionally, petitioner alleged that he was substantially prejudiced and surprised by the amendment of the information during the trial of his criminal case.

Following the filing of petitioner's motion in the Circuit Court of Jackson County, counsel was appointed to represent petitioner in that post-conviction proceeding. However, upon the stipulation of his counsel, the issues raised in petitioner's motion were submitted to the court upon the record as it was originally presented to the Supreme Court of Missouri on direct appeal. There is no showing in the present record that petitioner either joined in that stipulation or agreed to it. See: Mo.Sup.Ct.Rule 27.26(g). Upon that record and without an evidentiary hearing, the Circuit Court of Jackson County denied petitioner's motion, stating:

> "No useful purpose would be served by repeating the detailed facts. They are set out with clarity in State v. Williams, supra. The amendment to the information was allowed because of a typographical error in the amended information. The petitioner and his counsel were not surprised by the amendment or any way prejudiced thereby."

The court also found that petitioner's constitutional rights had not been violated by the amendment of the information.

On appeal to the Missouri Supreme Court, petitioner raised two contentions: (1) that the court erred in permitting the amendment of the information, and (2) that the petitioner was denied the effective assistance of counsel at the trial. However, as to his first contention, petitioner again urged that the amendment of the information was violative of state law and, rather than raising the constitutional issues presented in his initial 27.26 motion, petitioner urged that the information was insufficient to adequately sustain a conviction for second degree murder. Indirectly, the petitioner alleged that "in permitting the amendment the court denied appellant due process of law in violation of the Fourth (sic) Amendment of the Constitution of the United States."

In affirming the denial of petitioner's Rule 27.26 motion, the Supreme Court of Missouri stated:

> "On this appeal, appellant again argues that the court erred at the original trial in permitting the amendment of the information. Appellant cites State v. Williams, 184 Mo. 261, 83 S.W. 756; State v. Johnson, 191 Mo. 177, 90 S.W. 89, and State v. Green, 111 Mo. 585, 20 S.W. 304, all of which deal with the sufficiency of an information in a murder case. None dealt with the question of amendment of an information. After citing and quoting from these cases, appellant's brief on this point concludes: 'Under these authorities the original information was defective. In permitting the amendment the court denied appellant due process of law in violation of the Fourth (sic) Amendment of the Constitution of the United States.' No proposition and no further exposition of the matter is made. A mere assertion such as that found in appellant's brief presents no constitutional question for our consideration.

> "Appellant having advanced nothing on this proposition calling for further consideration of the question decided on the direct appeal, the trial court's denial of relief on this ground is not erroneous." 449 S.W.2d at 575, 576.

Thus, it is fully apparent that the petitioner's contentions of a violation of his constitutional rights were not considered by the Supreme Court of Missouri, nor were they decided adversely to the petitioner on that appeal.

■ The prosecution by information in a state court is not a violation of either the Fifth or Fourteenth Amendments of the United States Constitution. Sims v. Eyman, 405 F.2d 439 (9th Cir. 1969); Morford v. Hocker, 394 F.2d 169 (9th Cir. 1968); Moore v. Henslee, 276 F.2d 876 (8th Cir. 1960); Blakesley v. Crouse, 332 F.2d 849 (10th Cir. 1964), cert. den. 379 U.S. 949, 85 S.Ct. 446, 13 L.Ed.2d 546 (1964), and cases cited

therein. However, the accused has the right under the Fifth and the Fourteenth Amendments of the United States Constitution to be adequately informed of the nature of the charges against him. Smith v. O'Grady, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859 (1941); Snyder v. Massachusetts, 291 U.S. 97, 105, 54 S.Ct. 330, 78 L.Ed. 674 (1933); and Powell v. Alabama, 287 U.S. 45, 68, 53 S.Ct. 55, 77 L.Ed. 158 (1932). See also: State v. Thompson, 392 S.W.2d 617 (Mo.1965); State v. Colbart, 411 S.W.2d 92, 94 (Mo. 1967); and J. Scurlock, Basic Principles of the Administration of Criminal Justice, 38 U.M.K.C.L.Rev. 264–267 (1970). Therefore, it is entirely possible that upon a further factual showing petitioner might be entitled to post-conviction relief.

 However, in the absence of exceptional circumstances not present herein, a state prisoner must exhaust all currently available state post-conviction remedies before seeking federal habeas corpus relief. 28 U.S.C. § 2254; Baines v. Swenson, 384 F.2d 621 (8th Cir. 1967); Collins v. Swenson, 384 F.2d 623 (8th Cir. 1967); Hooper v. Nash, 323 F. 2d 995 (8th Cir. 1963), cert. den. 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768 (1963); and White v. Swenson, 261 F. Supp. 42 (W.D.Mo. en banc 1966). And, petitioner's state post-conviction remedies are not exhausted until he has secured an adverse decision in the Missouri courts upon the precise contentions which he seeks to raise in this Court, or until he has unsuccessfully presented his contentions in those courts. Bosler v. Swenson, 423 F.2d 257 (8th Cir. 1970); Larry Buffalo Chief v. South Dakota, 425 F.2d 271 (8th Cir. 1970); Huffman v. State of Missouri, 313 F. Supp. 730 (W.D.Mo.1970); Dixon v. Missouri, 295 F.Supp. 170 (W.D.Mo. 1969); Richardson v. Swenson, 293 F. Supp. 275 (W.D.Mo.1969) and White v. Swenson, *supra.*

 Although petitioner raised his present contentions in his *pro se* Rule 27.26 motion in the Missouri trial court, it affirmatively appears from the record that those constitutional issues have not been presented to the Supreme Court of Missouri for final determination. In his present petition, petitioner affirmatively alleges, "the matter is raised here for the first time as a *constitutional question,* that is, a violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution." Further, it also affirmatively appears from the record that petitioner has not presented, by way of an evidentiary hearing, his current factual contentions regarding surprise and prejudice in the amendment of the information. As stated by the Eighth Circuit Court of Appeals in Mayes v. Sigler, 428 F.2d 669, (8th Cir. July, 1970) at page 671:

> "There is a strong federal policy to the effect that federal courts should not unduly or prematurely interfere with state court proceedings and that state courts having adequate post conviction remedies should be afforded the first opportunity to pass upon constitutional attacks upon state convictions. (citations omitted) Such a policy minimizes state resentment against federal interference with state criminal convictions and in addition relieves federal courts of the burden of conducting hearings which properly should be handled by the state courts."

Thus, in view of the liberal Missouri post-conviction procedures and in light of the express adoption of current federal standards by the Missouri Supreme Court, petitioner should submit a successive Rule 27.26 motion in the Circuit Court of Jackson County alleging precisely his current constitutional contentions and additionally his contentions with regard to state law. See: Huffman v. State of Missouri, *supra;* Dixon v. State of Missouri, *supra;* and Richardson v. Swenson, *supra.* Petitioner should also request a full evidentiary hearing upon those contentions. See: Townsend v. Sain, 372 U.S. 293, 314, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962). If and when petitioner receives an adverse decision on these precise contentions, he should then appeal all of those contentions to the

342

Supreme Court of Missouri. For, until petitioner has fully exhausted his available state post-conviction remedies, his petition in this Court is premature.

Accordingly, for the reasons stated above, the petition for writ of habeas corpus is hereby dismissed without prejudice.

It is so ordered.