**R. D. EVANS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55794.**

Supreme Court of Missouri, Division No. 1.

April 12, 1971.

John A. Eigel, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal from denial of relief without hearing on motion under Supreme Court Rule 27.26, V.A.M.R., to set aside judgment and conviction.

Appellant, R. D. Evans, was found guilty of murder in the first degree by a jury in

the St. Louis Circuit Court and sentenced to life imprisonment. He appealed to this Court which affirmed the conviction. State v. Evans, 439 S.W.2d 170. The sole ground for relief on the appeal was "that the trial court erroneously admitted into evidence his confession, given at a time when he was without counsel and when he says he was not properly warned of his rights as to counsel." 439 S.W.2d 170. This Court found that appellant's statement had been the product of in custody interrogation, without adequate warnings under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The Court found, however, that the trial court had not erred in admitting the statement because appellant's trial counsel had not made a specific objection based on Miranda grounds.

Without assistance of counsel, appellant filed a motion under Supreme Court Rule 27.26, V.A.M.R., in which he alleged:

"(a) The conviction and sentence under which movant is being detained was imposed in violation of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, in that movant was deprived of his right to counsel during in custody interrogation.

"(b) The conviction and sentence under which movant is being detained was imposed in violation of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, in that movant was compelled to be a witness against himself by the admission into evidence at his trial of involuntary statements made by him while in custody."

The facts alleged in support of each respective ground are as follows:

"(a) On or about May 15, 1966, the defendant-movant, while in custody, was interrogated in connection with the alleged offenses of 'arson and homicide.'

"The defendant was not advised of his constitutional rights as set forth by the United States Supreme Court in the case of Miranda v. Arizona, 384 U.S. 436. [86 S.Ct. 1602, 16 L.Ed.2d 694] In particular, defendant was not advised prior to questioning that (1) he had a right to remain silent; (2) that anything he said could be used against him in a court of law; (3) that he had the right to the presence of an attorney prior to and during any interrogation; (4) that if he could not afford an attorney, one would be appointed, prior to any interrogation if he (defendant-accused) wished and the attorney would be devoted to the defendant's cause.

"The defendant was not advised of his rights as set out above; he did not otherwise know of these rights; he did not waive these rights.

"(b) During the trial of this cause beginning October 25, 1966, in the Circuit Court of the City of St. Louis, Missouri, Division 17, the Honorable Ivan Lee Holt, presiding, a confession obtained in the absence of the specific warnings set out above at (1), (2), (3) and (4) was admitted into evidence against the defendant and resulted in a conviction for the offense of first degree murder and a sentence of life imprisonment. See State v. Evans, [Mo. 439 S.W.2d 170] No. 52,798, filed 3–10–69, which holds that the confession in this case was obtained in violation of defendant's constitutional rights."

On November 20, 1969, the circuit court, Honorable Ivan Lee Holt, Jr., Judge, denied the motion without a hearing or the appointment of an attorney for the reason that "the grounds set out in paragraphs 8 and 9 thereof were ruled adversely to the defendant by the Supreme Court of Missouri on his appeal in State of Missouri v. R. D. Evans, 439 S.W.2d 170, where defendant was represented by counsel."

By brief of appointed counsel in this Court, appellant urges two points:

"I.

"The right of an accused to counsel during an interrogation is a basic constitution-

al right which cannot be violated and a violation of said right prevents the confession from being admitted into evidence under any circumstances.

"II.

"Objection was made specifically to the admission of this confession, and the Court erred in admitting it, and this Court has erred in failing to find that proper objection was made."

The first point is a mere abstract statement of law, not pointing out where the trial court erred in overruling the motion before it. The second point is a reargument of the proposition passed upon by this Court on the original appeal. It presents no question for review on this appeal. Williams v. State, Mo.Sup., 449 S. W.2d 574; Gailes v. State, Mo.Sup., 454 S.W.2d 561; Crawford v. State, Mo.Sup., 436 S.W.2d 632.

Appellant asks that the Court re-examine its decision in State v. Price, Mo. Sup., 422 S.W.2d 286, upon which the ruling of insufficiency of the objection was based in the prior appeal. Appellant offers no argument or authority in support of his request. In such circumstances, there is no obligation to re-examine the prior holdings.

Appellant has not advanced any federal constitutional basis calling for re-examination of the Price decision. This Court will not inquire into the question on that basis, sua sponte.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

SEILER, P. J., BARDGETT, J., and SEMPLE, Special Judge, concur.

HOLMAN, J., not sitting.