Robert Harry PLANT, Appellant,

v.

STATE of Missouri, Respondent.

No. 37408.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 28, 1976.

Motion for Rehearing or Transfer
Denied Feb. 16, 1977.

Application to Transfer Denied
April 11, 1977.

Timothy A. Braun, Public Defender, St. Charles, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Robert L. Presson, Asst. Attys. Gen., Jefferson City, Daniel M. Buescher, Pros. Atty., Union, for respondent.

CLEMENS, Judge.

Movant Robert Plant has appealed denial of his Rule 27.26 motion. In December 1969 a jury had found him guilty of burglary and stealing; as a second offender the trial court had sentenced him to consecutive terms of ten and five years. After the trial court denied movant's motion for new trial, his trial counsel filed a motion for new trial and later a notice of appeal.

Evidence at the Rule 27.26 hearing: While awaiting arraignment on another felony charge on July 20, 1970 movant escaped custody and fled to Tennessee. Counsel testified that he had not agreed to handle movant's appeal and was in fact en route to consult with him about the costs of processing the appeal when he learned of the escape. June 30, 1971 movant was arrested in Tennessee on another burglary charge, having been a fugitive from Missouri for eleven months. He did not communicate with trial counsel until October 25, 1971. By that time the state had moved the supreme court to affirm the conviction and the motion had been granted for failure to file a transcript.

On this appeal movant urges four challenges to the denial of his Rule 27.26 motion. The scope of our review is to determine whether the findings and conclusions of the trial court are clearly erroneous. *Williams v. State,* 530 S.W.2d 740[1, 2] (Mo. App.1975).

■ Movant's first Point Relied On is inadequate pre-trial preparation, amounting to ineffective assistance of counsel. This is not the same contention raised by movant in his Rule 27.26 motion. There, he claimed the denial of a continuance forced him to trial before his counsel could fully investigate the case. This variance between movant's motion and his contention on this appeal leaves us nothing to review. A new ground for relief may not be raised on appeal. *Garrett v. State,* 528 S.W.2d 174[1, 2] (Mo.App.1975). The ground for relief raised in movant's motion and denied by the trial court was not briefed in this appeal and is deemed abandoned. *Crow v. State,* 514 S.W.2d 13[1] (Mo.App.1974). Furthermore, as ruled by the trial court, the alleged wrongful denial of a continuance is a trial error to be raised on direct appeal, not by a Rule 27.26 motion. See *Coney v. State,* 491 S.W.2d 501[1–3] (Mo.1973), applying Rule 27.26(b)(3), declaring the rule cannot be used as a substitute for direct appeal.

■ Movant's second and emphasized contention is that his trial counsel's failure to perfect an appeal denied him effective assistance of counsel. The trial court concluded from the evidence that by his flight movant prevented the perfection of his appeal; he could not therefore claim ineffective assistance of counsel on appeal. The trial court acted within its discretion in believing trial counsel's testimony he had not agreed to handle movant's appeal by the time he escaped. That ended further discussion between the two regarding hiring of trial counsel to appeal. The trial court was not clearly erroneous in concluding movant, not his counsel, caused the dismissal of movant's appeal.

Movant's third contention is that he did not receive timely notice of the supreme court's order dismissing his appeal for failure to file a transcript as provided by Rule 28.09. This point is not within movant's 27.26 petition so it may not now be raised on appeal. *Garrett v. State, supra.*

■ Movant's last Point Relied On states: "The trial court erred in overruling petitioner's motion under Missouri Rules of Court 27.26 because the trial court violated RSMo. § 556.280 in application of Missouri's Second Offender Act." This omits the "wherein and why" required by Rule 84.-04(d) to be in an appellant's points relied on section of appellate briefs. Abstract statements of law preserve nothing for review. *Evans v. State,* 465 S.W.2d 500[1, 2] (Mo. 1971).

Judgment affirmed.

WEIER, P. J., and DOWD, J., concur.