**Steven SCOTT, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 39632.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 29, 1978.

Motion for Rehearing and/or Transfer Denied Oct. 13, 1978.

Application to Transfer Denied
Nov. 6, 1978.

Robert C. Babione, Public Defender, Christelle Adelman-Adler, Charles H. Mostov, Asst. Public Defenders, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Movant Steven Scott (hereafter "defendant") was convicted of second-degree burglary, § 560.070, RSMo 1969, and sentenced

under the Second Offender Act to ten years' imprisonment. Affirmed in *State v. Scott*, 540 S.W.2d 219 (Mo.App.1976). Movant appeals denial of his Rule 27.26 motion.

In his motion to vacate, defendant makes the nakedly conclusory statement that "the trial court lacked jurisdiction." By an attached memorandum he adds this was because the state failed to allege compliance with the Second Offender Act (§ 556.280, RSMo 1969).

█ Movant's first Point Relied On states: "The trial court erred in denying movant's motion to vacate, pursuant to Supreme Court Rule 27.26, without a hearing. The movant alleged sufficient facts to challenge the trial court's jurisdiction, thus entitling him to a hearing."

Movant's motion and point relied on merely recite conclusions. Compare *Plant v. State*, 547 S.W.2d 835[4] (Mo.App.1976). No such point was raised either in the trial court nor on direct appeal, and so it may not be raised now. *Coney v. State*, 491 S.W.2d 501[3] (Mo.1973).

█ Finally, movant contends the court erred in denying an evidentiary hearing and counsel. He challenges the procedural treatment of motions to vacate under Rule 27.26 by arguing that counsel is required before the merits of a prisoner's claim are considered. Not so. Counsel is not required in every Rule 27.26 motion. This issue was presented and resolved in *Winston v. State*, 533 S.W.2d 709[6–8] (Mo.App.1976). No evidentiary hearing is required—and hence counsel need not be appointed—where the motion does not plead facts which, if true, would entitle movant to relief.

Our review of the record shows that movant's attack on the trial court's jurisdiction is without merit.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.