STATE of Missouri, Plaintiff-Respondent,

v.

Cecil Clayton LILLIBRIDGE, Defendant-Appellant.

Nos. 54814, 54820.

Supreme Court of Missouri,
Division No. 1.

Nov. 9, 1970.

John C. Danforth, Atty. Gen., Dale L. Rollins, Peter H. Ruger, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

Forrest P. Carson, Jefferson City, for defendant-appellant.

ROBERT LEE CAMPBELL, Special Judge.

Defendant appeals after being found guilty of two separate offenses of robbery in the first degree in two separate trials. He was sentenced to eight years on one charge and nine years on the other charge, both of said sentences to run consecutively with other sentences he was then serving in the Missouri state penitentiary. Inasmuch as defendant is making no claim of error with respect to either trial, and since defendant raises identical claims for a right to discharge in each case, the two separate appeals were ordered consolidated by this court.

Defendant pleaded guilty to each charge in 1960. In 1965, he filed a petition for review of the sentences under Rule 27.26, V.A.M.R., which was denied. That judgment was affirmed by this court in State v. Lillibridge, Mo.Sup., 399 S.W.2d 25. On April 17, 1968, the District Court of the United States for the Western District of Missouri vacated defendant's convictions in a habeas corpus proceeding and ordered defendant released from custody. He was transferred from the Missouri penitentiary to the Cole County jail on April 25, 1968.

On June 4, 1968, an amended information was filed in each case charging defendant with robbery in the first degree. On January 20, 1969, Honorable James T. Riley, judge of the Circuit Court of Cole County, Missouri disqualified himself in each case because he had been prosecuting attorney at the time the case was originally tried in 1960. On January 28, 1969, this court transferred Honorable Samuel E. Semple, judge of the fourteenth judicial circuit, to the Circuit Court of Cole County to try each of the causes. One trial began on March 31, 1969, and the other began on May 23, 1969.

Defendant filed a motion to dismiss in each case, and on appeal takes the position that the court erred in failing to sustain his motions to dismiss and to discharge him. Defendant contends that he is entitled to discharge for three separate reasons: (1) because no new warrant was issued for his arrest; (2) because no bail was set for him as required by law; and (3) because he was not giv-

en a trial at the first term at which he appeared, or even at the second term.

At the outset we are met with the state's argument that defendant's motions for a new trial do not set forth allegations of error in sufficient detail to preserve the points for review. Each of defendant's motions for new trial alleged only "1. The Court erred in overruling defendant's Motion to Dismiss for each of all of the reasons set forth therein." Although the state's position is well taken, we will nevertheless make a determination of defendant's right to discharge.

■ Defendant first argues that he is entitled to a discharge because no new arrest warrants were obtained in order to effect his transfer from the penitentiary to the Cole County authorities. Cases cited by defendant involve search warrants and are not in point. Although there are no reported Missouri cases determinative of this issue, this point is ruled against defendant. The failure of the authorities to apply for new warrants for the arrest of defendant under these circumstances does not entitle him to a discharge.

■ Defendant next contends that he is entitled to discharge because bail was not properly set as required by law. Defendant's brief admits that defendant was taken before the magistrate of Cole County on April 29, 1968, and was told that his bail was set at $5,000. The only record entry appears on the circuit court minutes with the magistrate's initials. On June 17, 1968, bail was fixed at $3,000 by the circuit judge. It is defendant's position that the magistrate had no authority to act in the circuit court, and that bail was not fixed in the first instance "as required by law." In State v. Coleman, Mo.Sup., 441 S.W.2d 46, 50, this court held "The failure of the magistrate to fix bail is no ground for dismissal of the charge." We adhere to that ruling.

Defendant finally contends that he is entitled to discharge because he was denied his right to a speedy trial and relies on § 545.780, V.A.M.S. That section provides:

"All indictments and informations shall be tried at the term at which the indictment is found or information filed, if the defendant is in custody or appears at such term, or at the first term at which the defendant appears, unless the same be continued for cause."

Section 545.780 does not provide for the discharge of defendant and must be read in conjunction with §§ 545.890 and 545.920, V.A.M.S. Section 545.890 provides:

"If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense which shall be held after such indictment found, he shall be entitled to be discharged, so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner, or shall be occasioned by the want of time to try the cause at such second term."

Section 545.920 extends the time for bringing to trial to the end of the third term if there are more than two regular terms of court a year.

■ Section 478.255, V.A.M.S., provides that terms of court in Cole County shall be on the first Mondays in February, May, September and December. The amended informations were filed during the May term. Defendant was tried on one charge during the February term and on the other charge during the following May term. Thus, two terms intervened before the first trial, and three terms intervened before the second trial. The term at which the amended informations were filed is not to be considered in determining the number of terms under the above statutes. State v. Werbin, Mo.Sup., 345 S.W.2d 103. The December term also could not be counted against the state because during that term Judge Riley disqualified himself for the reason that he

was prosecuting attorney at the time the case was originally tried. Any delay in obtaining a disinterested and unprejudiced judge before whom to try the cases would be to defendant's benefit, and such term should not be charged against the state. State v. Werbin, supra.

 Trial was had on one charge on March 31, 1969, which was within the February term. Although the trial on the other charge was not held until the May term of court, the record reflects that on March 31, 1969, the cause was set for trial on May 23, 1969 "because of lack of time during this term of Court." Any term where a cause is continued for lack of time to try the case is not to be counted against the state. State v. Werbin, supra.

 Although the record is silent as to what occurred during the September term of court, it is abundantly clear that § 545.-920 and related statutes do not entitle defendant to a discharge in either case. See State v. Keeny, Mo.Sup., 431 S.W.2d 95.

Accordingly, the judgments are affirmed.

All of the Judges concur.