**George W. HATFIELD, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57202.**

Supreme Court of Missouri,
Division No. 2.

Dec. 11, 1972.

Richard W. Mason, St. Joseph, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

MORGAN, Presiding Judge.

George W. Hatfield, hereinafter referred to as Movant, was charged originally with the first degree murder of one Merle Eugene Rochester. Section 559.010, RSMo 1969, V.A.M.S. After a trial to the court, he was found guilty and sentenced to life imprisonment. The sentence and judgment were affirmed by this court in

an opinion reported in State v. Hatfield, 465 S.W.2d 468. Movant, subsequently, sought post-conviction relief under our Rule 27.26, V.A.M.R. After an evidentiary hearing, relief was denied and movant filed his appeal in this court prior to January 1, 1972.

In his motion to vacate the sentence and judgment, movant asserted two grounds for relief: (1) that he did not knowingly and intelligently waive his constitutional right to trial by jury, and (2) that the state's willingness to accept a plea of guilty to a charge of second degree murder was a concession that he was not guilty of first degree murder. Movant and his trial counsel both testified at the hearing; and the trial court, after noting that movant had been represented by self-employed counsel who was recognized as an "able, experienced and active practitioner" in the field of criminal law, denied relief after having concluded, in part, that: (1) " . . . movant waived a jury as a matter of trial strategy, believing that a trial judge would look at the evidence differently than would a jury and not because he thought the inhabitants were prejudiced against him"; and (2) " . . . the Supreme Court . . . has already ruled against movant's contention that he cannot be convicted of any higher degree of crime than second degree murder because the state offered to accept a plea of guilty to second degree murder."

Our review is limited to a determination of whether or not the findings, conclusions and judgment of the trial court are clearly erroneous. Crosswhite v. State, Mo., 426 S.W.2d 67.

■ Movant's first point on appeal is that he didn't " . . . receive full and effective assistance of counsel to which he was entitled . . . ." Initially, we note that this oft-used broadside attack is not properly before us on appeal. This allegation was not presented as a ground for relief in movant's 27.26 motion. We do not consider a new and different ground of re-lief when advanced for the first time on appeal. Harris v. State, Mo., 443 S.W.2d 191, 192[2]; State v. Hegwood, Mo., 415 S.W.2d 788, 791–792[4]; Johnson v. State, Mo., 463 S.W.2d 873, 875. Without the trial court's findings and conclusions, there is nothing for this court to review. Nevertheless, we will consider the first point as a deduction drawn by counsel on appeal from the specific allegation of the motion, i. e., that movant would not have waived a jury if he had known, or been told, that he could have taken a change of venue. The trial court found this contention to be without merit as noted. The record is consistent with the finding made. Trial counsel testified at the 27.26 hearing that the jury waiver decision was one of trial strategy because of the bloody pictures the state had (the victim had been slashed with a broken beer bottle), and it was decided that there would be a lesser reaction from the trial judge. Movant testified that he "never discussed" any possible prejudice of the inhabitants; but, "I just had that in my mind." Other testimony was consistent with the conclusion of the trial judge, as the record indicates the "waiver" was made to avoid any jury whether it would have been that locally or another where a change of venue might have placed the trial. The trial court's finding on this point clearly was not erroneous.

■■ As to movant's second point, the trial court correctly found that it was considered and rejected in the original appeal, and we do not consider, again, the same contention in a post-conviction proceeding under Rule 27.26. Keeny v. State, Mo., 461 S.W.2d 731, 732[1]; Edwards v. Swenson (8th Cir.), 429 F.2d 1291, 1292[2]. However, for convenience of reference only, we again comment that unsuccessful plea-bargaining does not establish a binding commitment on either the state or the defendant.

The judgment is affirmed.

HENLEY and DONNELLY, JJ., and FINCH, C. J., concur.