John C. Danforth, Atty. Gen. Richard E. Vodra, Asst. Atty. Gen., Jefferson City, for respondent.

Cecil Clayton LILLIBRIDGE, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 26531.

Missouri Court of Appeals, Kansas City District.

Sept. 4, 1973.

P. Pierre Dominique, Jefferson City, for appellant.

John C. Danforth, Atty. Gen., Charles B. Blackmar, Special Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD, and WASSERSTROM, JJ.

SWOFFORD, Judge.

This is an appeal from a judgment and order of the court below, entered on May 19, 1972, denying appellant's motion under Rule 27.26 V.A.M.R., to vacate judgments and sentences theretofore imposed upon him on charges of escape and first degree robbery.

This matter comes before us after a long history in the state and federal courts, which requires a brief review in order that our decision of affirmance may be placed in proper perspective. The facts here related are undisputed.

In November, 1953, the appellant was convicted in the Circuit Court of Clay County, Missouri on a charge of first degree robbery and was sentenced to imprisonment for a term of 20 years. While serving this sentence in the Missouri State Penitentiary and on May 29, 1960, the Information in Case No. 5705 charges that he escaped therefrom.

The Information in Cases Nos. 5708 and 5709 charge first degree robbery alleged to have been committed by the appellant and another on the same day of his escape, namely, May 29, 1960. All of these three offenses occurred in Cole County, Missouri and the Informations covering them were filed in the Circuit Court of that county on June 20, 1960.[1] On August 15, 1960, the appellant pled guilty to all three charges and was sentenced to five years on the escape charge, and 25 years on the robbery charges.

On October 9, 1964, the appellant filed motions to vacate and set aside these sentences under Rule 27.26, and on February 17, 1965, these motions were dismissed without an evidentiary hearing and Lillibridge appealed this judgment to the Supreme Court of Missouri, which court affirmed, State v. Lillibridge, 399 S.W.2d 25 (Mo.1966).

The appellant thereafter applied for *habeas corpus* in the United States District Court for the Western District of Missouri, which court on April 17, 1968 ruled that the appellant had been deprived of his constitutional rights in the plea proceedings in the Cole County Circuit Court and vacated the judgments.

On April 25, 1968, the appellant was transferred from the Missouri State Penitentiary to the Cole County Jail and on June 4, 1968, the Prosecuting Attorney of Cole County filed Amended Informations in all three cases, charging the escape and the two robberies on May 29, 1960 and coupled with charges in each case under the Second Offenders Act, Section 556.280 RSMo 1969, V.A.M.S., by reason of appellant's 1953 conviction.

On January 20, 1969, The Honorable James T. Riley disqualified himself as judge in all three cases since he was prosecuting attorney at the time of the original proceedings in 1960.

On January 28, 1969, The Honorable Samuel E. Semple was transferred by the Supreme Court of Missouri to the Circuit Court of Cole County as Special Judge to try the cases.

On February 4, 1969, the appellant, represented by appointed counsel, entered a plea of guilty to the charge of escape in Case No. 5705 and was sentenced to 3 years.

On March 31, 1969, appellant was tried in the Circuit Court of Cole County, was found guilty of first degree robbery in Case No. 5708 and was sentenced to 8 years.

On May 23, 1969, the appellant was tried and was found guilty of first degree robbery in Case No. 5709 and was sentenced to 9 years.

The motions for new trial in each of these cases were overruled and it was ordered that the sentences in each of the three cases were to run consecutively.

The appellant took direct appeals to the Supreme Court of Missouri from the judgments and sentences in the two first degree robbery cases, which court affirmed the convictions, State v. Lillibridge, 459 S.W. 2d 288 (Mo.1970).

Thereafter and on December 1, 1971, the appellant filed in the Circuit Court of Cole County, Missouri his motion to vacate the sentences in the first degree robbery cases under Rule 27.26 and said motion was amended on December 2, 1971 to include

1. Appellant was also charged in two other informations with larceny, which are no longer in the case, are not before us, and will be hereafter disregarded.

the conviction and sentence in the escape charge.

On December 2, 1971, present counsel for the appellant was appointed and on March 17, 1972, an extensive evidentiary hearing upon this motion to vacate was held by the trial court.

On May 19, 1972, the court made its written findings of fact and conclusions of law and overruled appellant's amended motion under Rule 27.26. It is from this order that the present appeal was taken in due time and in proper form.

Appellant's brief sets forth and urges that we reverse the order of the court below upon four (4) points:

*First,* he urges that the trial court erred in not setting aside his convictions in all three cases for the reason that he was denied a speedy trial as guaranteed by the Sixth Amendment of the Constitution of the United States, and because the statutes of Missouri guaranteed him the right to be tried within three terms of the Circuit Court of Cole County.[2]

*Second,* because the trial court erred in not setting aside said convictions for the reason that the prosecuting attorney filed the Amended Informations under the Second Offenders Act after the United States District Court had vacated the original convictions and sent the cases back to the Circuit Court for new trials, solely to punish the appellant and to deter other persons from attempting to exhaust their legal and constitutional rights.

*Third,* that the court erred in not setting aside the convictions after the judgment of the United States District Court in the *habeas corpus* proceeding because the appellant was arrested without a warrant and was held in the Cole County Jail for approximately nine (9) months before his plea of guilty in the charge of escape.

*Fourth,* because the trial court erred in not setting aside the conviction for the reason that appellant was denied effective assistance of counsel in that (a) his counsel failed to raise the defense that the state could not amend the Informations to include the charge under the Second Offenders Act after the convictions had been set aside by the United States District Court and the cases sent back for further proceedings; and (b) his counsel by asking the court if the sentence in Case No. 5708 was to run consecutively with the prior sentence, reminded the court to make an order that the sentences would run consecutively rather than concurrently.

■■■ As noted above, the appellant took a direct appeal from his convictions on the first degree robbery charges and those convictions were affirmed by the Supreme Court. The first and third contentions made before us were presented in that appeal and decided adversely to the appellant in the decision of the Supreme Court. We, of course, are bound by that decision. The first and third points regarding the alleged deprivation of a speedy trial and the arrest without warrant are merely re-arguments of the propositions based upon the same facts previously decided and present nothing here for review. A motion under Rule 27.26 cannot be made to serve the function of a second appeal. Rule 27.26(b)(3); Crawford v. State, 436 S.W.2d 632, 633 (Mo. 1969); Mace v. State, 452 S.W.2d 130, 132 (Mo.1970); Evans v. State, 465 S.W.2d 500, 502 (Mo.1971); Hatfield v. State, 487 S.W.2d 574, 575 (Mo.1972); Richards v. State, 495 S.W.2d 442 (Mo.1973).

In the direct appeal, State v. Lillibridge, 459 S.W.2d 288 (Mo.1970), the Supreme Court, after citing Sections 545.780, 545.-890 and 545.920, RSMo 1969, V.A.M.S., pointed out that under the statutes the Circuit Court of Cole County held terms of court on the first Mondays in February, May, September and December, and that

2. While appellant mentions the general constitutional provision contained in the Sixth Amendment to the United States Constitu-

tion, his specific reliance is upon the statutory "3 term" rule.

the Amended Information (under the Second Offenders Act) was filed during the May term on June 4, 1968 and stated, l.c. 290–291:

"Defendant was tried on one charge during the February term (1969) and on the other charge during the following May term (1969). Thus, two terms intervened before the first trial, and three terms intervened before the second trial. The term at which the amended informations were filed is not to be considered in determining the number of terms under the above statutes. State v. Werbin, Mo.Sup., 345 S.W.2d 103. The December term also could not be counted against the state because during that term Judge Riley disqualified himself for the reason that he was prosecuting attorney at the time the case was originally tried. * * * *

Trial was had on one charge on March 31, 1969, which was within the February term. Although the trial on the other charge was not held until the May term of court, the record reflects that on March 31, 1969, the cause was set for trial on May 23, 1969 'because of lack of time during this term of Court'. Any term where a cause is continued for lack of time to try the case is not to be counted against the state. State v. Werbin, supra.

Although the record is silent as to what occurred during the September term of court, it is abundantly clear that Section 545.920 and related statutes do not entitle defendant to a discharge in either case. * * *"

The above statement is determinative of the first point raised by appellant here.[3]

The Supreme Court in State v. Lillibridge, supra, also said, l.c. 290:

"Defendant first argues that he is entitled to a discharge because no new arrest warrants were obtained in order to effect his transfer from the penitentiary to the Cole County authorities. Cases cited by defendant involve search warrants and are not in point. Although there are no reported Missouri cases determinative of this issue, the point is ruled against defendant. The failure of the authorities to apply for new warrants for the arrest of defendant under these circumstances does not entitle him to a discharge."

The above statement of the Supreme Court is determinative of the third point raised by appellant here.

■ The second point urged by appellant likewise presents nothing for our review because this point was not raised in appellant's motion as a ground for relief under Rule 27.26, nor was evidence adduced at the evidentiary hearing below in support thereof, and accordingly, the findings of fact of the trial court are silent upon this subject.

■ We are precluded from considering grounds for relief in Rule 27.26 motions which are advanced for the first time upon appeal. Hatfield v. State, supra; Schleicher v. State, 483 S.W.2d 393 (Mo. banc 1972).

■ Regardless of this restriction, there is nothing in the record before us to support appellant's claim that the filing of the Amended Informations under the Second Offenders Act following the *habeas corpus* proceedings in the federal court were "filed solely to punish the appellant and to deter other persons from attempting to exhaust their legal and constitutional rights" so as to bring this situation within the rule in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The appellant's second point is without merit.

This leaves the fourth contention of the appellant for determination. This point

3. A further fact that is disclosed in the record of the 27.26 hearing is that the appellant did not make any oral or written request *to the court* that he be given a trial on any of the charges. He testified he inquired about a trial to the "Sheriff" and his attorney. State v. Harper, 473 S.W.2d 419 (Mo. banc 1971).

deals with the claimed denial of effective assistance of counsel.

■ In considering this point, the scope of our review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). The court below (who was also the trial judge in the two jury trials on the first degree robbery charges, which were affirmed upon direct appeal and on the guilty plea in the escape charge) had before it allegations in appellant's Rule 27.26 motion as to alleged ineffectiveness of counsel, a number of complaints not preserved or presented here. The one before us was included, however. The court in its findings stated:

"The court finds that none of the complaints made by movant as demonstrating ineffectiveness of counsel are well taken. The court finds that movant's counsel raised some of the matters complained of and the same were ruled on on the appeal to the Supreme Court. The court finds that movant has not alleged and proven any facts which demonstrate that his trial counsel was ineffective in the defense of any of the cases. The cases of movant were all heard by this court and in addition to the above findings the court from the transcripts of the case finds that movant was ably and capably represented by his trial counsel."

■ The burden of proof as to the claim of ineffective counsel is upon the movant and is not met unless it is clearly demonstrated that the acts of counsel went beyond some error or mistake in trial strategy or judgment which resulted in a deprivation of movant's substantial rights to his prejudice. McQueen v. State, 475 S.W.2d 111 (Mo. banc 1971); Tucker v. State, 481 S.W.2d 10 (Mo.1972); Jones v. State, 491 S.W.2d 233 (Mo.1973); State v. Brown, 449 S.W.2d 664 (Mo.1970).

■ Appellant's first claim in this area is that his counsel failed to raise a "de-fense" that the state "could not" amend the Informations to bring them within the Second Offenders Act. This position is without any substance for the reason that the Second Offenders Act has been held to be constitutional although highly penal in nature. State v. Maxwell, 411 S.W.2d 237 (Mo.1967); State v. Wilwording, 394 S.W.2d 383 (Mo.1965). Further, it has been held that the state has total discretion as to the exercise of the Second Offenders Act. State v. Maxwell, supra.

In a subsequent appeal upon a Rule 27.26 motion, in Wilwording v. State, 438 S.W.2d 447 (Mo.1969), the court said, l.c. 449:

"The fact that a prosecuting attorney has total discretion to charge under the Act is a legislative delegation of duty as a proper administrative function of that office."

The state did not waive its right to amend in this regard, and it would therefore have been a totally futile thing for defense counsel to have either objected to the state's amendment of the Informations to bring them under the Second Offenders Act or to raise as a "defense" its purported inability to do so.

The other charge of ineffective representation by counsel is that at the time of sentencing in Case No. 5708, appellant's counsel addressed an inquiry to the court if the sentence was to run consecutively with the prior sentence (on the escape charge) and that such inquiry "reminded the court" to make the sentences run consecutively rather than concurrently. This contention is wholly without merit. The trial judge was clothed with absolute judgment and discretion to fix the sentence of appellant within the limits of the statutory penalty on each of the charges and to make them run either consecutively or concurrently. The same able judge imposed the sentences and considered this allegation of ineffectiveness of counsel in the motion under Rule 27.26; he was best qualified to evaluate the effect of counsel's inquiry; and by his ruling on the motion rejected

the proposition that such inquiry either reminded him of his authority to sentence consecutively or influenced him to do so. We decline the request to rule that such inquiry either had any affect upon the court or constituted ineffective representation by counsel.

We hold that the ruling and finding of the trial court as to appellant's fourth contention was proper and not clearly erroneous.

For the reasons herein stated, the judgment is accordingly affirmed.

All concur.