**Robert Lee MYRICK, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 26756.**

Missouri Court of Appeals,
Kansas City District.

March 4, 1974.

James M. Ramsey, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

Appellant was found guilty of murder in the second degree and was sentenced to twelve years. On direct appeal his conviction was affirmed. State v. Myrick, 473 S.W.2d 402 (Mo.1971). He thereupon filed a motion under Rule 27.26, V.A.M.R., to vacate and set aside this conviction. After evidentiary hearings the court below overruled his motion and this appeal followed.

In his Rule 27.26 motion in the trial court appellant asserted two grounds for setting aside the conviction: *First,* that certain evidence used in the trial was obtained by means of an illegal search and seizure, and *Second,* that his trial counsel had rendered ineffective assistance in nine stated particulars. At the evidentiary hearings the appellant offered no evidence in support of the first ground and it is not raised on this appeal.

Appellant's brief in support of his claim of ineffective assistance of counsel is based upon seven grounds. Of these, only the first four were raised in the trial court and there determined. The other three grounds accordingly, are not reviewable on this appeal. Maggard v. State, 471 S.W.2d 161, 162 (Mo.1971); Hatfield v. State, 487 S.W.2d 574, 575 (Mo.1972);

and Lillibridge v. State, 499 S.W.2d 573, 577 (Mo.App.1973).

In reviewing the judgment of the trial court denying the appellant's Rule 27.26 motion, we have carefully studied both the transcript in the original criminal trial, the transcript in the evidentiary hearings on the motion, the trial court's findings of fact and conclusions of law, and the briefs and authorities before us. In so doing we bear in mind the basic principles of such review. The burden of proof to establish the charge of ineffective assistance of counsel is on the movant (appellant). This burden is not met unless it is clearly demonstrated that the acts of counsel went beyond errors of judgment or trial strategy and were of such character as to result in a substantial deprivation of movant's right to a fair trial. McQueen v. State, 475 S.W.2d 111 (Mo. banc 1971); Tucker v. State, 481 S.W.2d 10 (Mo.1972); Jones v. State, 491 S.W.2d 233 (Mo.1973). We will not disturb the findings, conclusions and judgment of the trial court unless the same are clearly erroneous. Rule 27.26(j).

On January 17, 1970, one Mildred Lewis, while in her apartment was shot in the head from which wound she died a few days later. On the day of the shooting the appellant was seen by two witnesses, who were painting in another apartment, running from the Lewis apartment with a gun in his hand. He threatened these witnesses and told them to get back into the apartment in which they were working. On the next day the police, in answer to an apparently unrelated call to a different apartment house in the same neighborhood, arrested the appellant. He was arrested and a search of his person disclosed that he was carrying a .22 caliber pistol which, according to firearm identification evidence, was the same gun which killed Mrs. Lewis.

The first point raised by appellant in support of relief under Rule 27.26 is that he was denied the right to testify at his trial. The appellant stated that he wanted to testify in his own behalf and so advised his appointed trial counsel who told appellant he would testify but did not put him on the witness stand. Appellant stated that "before I knew it the trial was over."

The transcript of the criminal trial reveals that at the close of the state's case, in open court, in the presence but outside the hearing of the jury, the following colloquy occurred:

"THE COURT: The defense is offering no evidence. I wonder if there was any need to get some affirmative expression from the defendant that he did not want to testify on his own behalf.

MR. SCHWARZ (defense counsel): I don't know of any reason for it, Judge, at the present time the laws here in Missouri—

THE COURT: In other words, you have talked to him?

MR. SCHWARZ: I can assure the Court I have discussed the matter fully with him and it's my desire that he not testify and he has told me that he believes that I have the best judgment of the matter between the two of us and acquiescent. (Sic)

THE COURT: I think that's all that is sufficient, then.

MR. HUMPHREY (Prosecutor): Well, it's his wish not to testify, his personal wish?

MR. SCHWARZ: Based on my recommendation to him.

MR. HUMPHREY: All right."

Mr. Phillip Schwarz, an attorney with the Legal Aid and Defenders Society of Greater Kansas City, was acting as appointed defense counsel. The record shows that he had practiced law for about 16 years at the time of the trial. The record discloses that during his service with Legal Aid and Defenders he had tried about 50 or 60 criminal jury cases including a number of murder trials. At the

time of the evidentiary hearing on the Rule 27.26 motion, a year and nine months after the trial, he did not remember the details of his conversations with the appellant about testifying but he said that in the normal course of his practice as defense counsel he would always advise his client as to his right not to take the witness stand and that if appellant did not take the stand it was probably on his advice. He further stated that this was discussed with appellant and "there was no conflict of opinion" between them.

■ The court below in extensive and detailed findings of fact and conclusions of law found that Mr. Schwarz was fully qualified and experienced in the defense of criminal cases and had conducted the appellant's defense ably and vigorously. The court further found that he had specifically advised appellant of his right regarding testimony and that the appellant intelligently waived that right and that Mr. Schwarz did not thereby evince either ineffectiveness or lack of preparation. We hold that such findings are supported by the record and are not clearly erroneous. This point is ruled against appellant.

The next matter raised by appellant is that his counsel erroneously failed to suppress illegally obtained evidence. This point is directed to the allegation of ineffective assistance of counsel rather than the point originally urged (but here abandoned) of illegal search and seizure.

■ The evidence involved was a box of gun shells obtained by the police from appellant's apartment. The court below found, and the record supports this finding, that defense counsel did vigorously object to the introduction of this evidence (State's Exhibit No. 5) but was overruled. This part of the record does not support the charge of ineffective assistance of counsel, the court's finding in relation thereto was not clearly erroneous and this point is ruled against appellant.

■ The next point before us is appellant's claim that defense counsel in effect introduced evidence for the prosecution. He has reference to the bullet recovered during autopsy. The box containing the bullet had been marked as State's Exhibit No. 10 fully identified by police officer Smith who attended the autopsy and received the bullet from the surgeon, marked it and placed it in custody of the police property room. The bullet had been so identified and displayed in the presence of the jury. Defense counsel then reminded the prosecutor that the exhibit had not been offered. The court below found this to be a courteous gesture by counsel, not prejudicial to the appellant, not affecting the outcome of the trial and that the admission of the exhibit was a purely technical matter. This finding is fully supported by the record, is not clearly erroneous and the point is ruled against appellant.

■ The last point properly before us for review is appellant's claim that defense counsel failed to object to or clarify the prosecutor's statements unsupported by the evidence. Reference here is made to the prosecutor's opening statement to the jury that the two painters heard a "popping noise" before they saw appellant leaving the Lewis apartment in the hall with gun in hand. The witnesses did not so testify but one of them said he heard a noise like a "door slamming." The trial court found that defense counsel did direct the jury's attention to this discrepancy by cross-examination and found this point "frivolous." We agree. This point is ruled against appellant.

As previously noted the last three points raised in appellant's brief as evidence of the claim of ineffective assistance of counsel were not properly raised in the trial court and therefore are not reviewable here. We have nevertheless carefully examined them in the light of the record before us. We find them to be unsupported by the record and wholly without merit.

For the reasons herein stated, the judgment is affirmed.

All concur.