James F. McCONNELL, Appellant,

v.

STATE of Missouri, Respondent.

No. 27702.

Missouri Court of Appeals, Kansas City District.

Nov. 3, 1975.

Motion for Rehearing and/or Transfer Denied Nov. 19, 1975.

J. Kirk Rahm, Warrensburg, for appellant.

John C. Danforth, Atty. Gen., Dan Summers, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

WASSERSTROM, Presiding Judge.

Movant was jointly indicted along with three others for burglary and stealing. On his separate trial, he defended on the theory that he had been entrapped, but the jury found him guilty. That conviction was affirmed on appeal. *State v. McConnell,* 507 S.W.2d 58 (Mo.App.1974). He thereafter filed a motion under Rule 27.26 to have the judgment of conviction vacated on the ground that he was denied effective assistance of counsel. After hearing, the trial court overruled the motion. Movant appeals.

At Movant's jury trial, during the State's opening argument, the prosecutor informed the jury members that the evidence would show that Movant and the three other persons burglarized and stole from a Safeway Store. The prosecutor then remarked:

"The evidence will show that one of the other defendants has been convicted, as charged in this case, by a jury in Henry County. The evidence will show that the other two, besides the one convicted by the jury, and Mr. McConnell, have entered pleas of guilty to this crime."

Movant's retained trial attorney did not object to the above quoted statement nor did he request a mistrial. It is this nonaction upon which Movant bases his claim of ineffective assistance of counsel.

▪ ■ In order to warrant reversal, the findings of fact and conclusions of law made by the trial court rejecting that claim must have been clearly erroneous. 27.26(j). Additionally, the action of trial counsel in failing to object and to request a mistrial must have gone beyond an error or mistake in the trial strategy or judgment and must have been of such character as to result in a substantial deprivation of Movant's right to a fair trial. *Lillibridge v. State,* 499 S.W.2d 573 (Mo.App.1973); *Myrick v. State,* 507 S.W.2d 42 (Mo.App.1974).

■ Seeking to come within those standards, Movant states in his brief that, "defense counsel's failure to object to the prosecutor's comment in his opening statement reduced the rest of the trial to a series of inconsequential motions prior to the 'lynching'. It has always been correct procedure that a man be entitled to a trial *of his own.* Interjecting comments about convictions or guilty pleas of extraneous third parties, in the prosecutor's opening statement, are certainly grounds for a mistrial."

We can agree with the sentence last quoted, that the prosecutor's remarks, if objected to, would have been grounds for a mistrial. However, no such objection was made either at the time, in the motion for new trial, or by new counsel who filed a supplemental motion for new trial and who handled the direct appeal. The question at this late stage has become whether failure of trial counsel to object, now raised for the first time by a new third counsel, was so grossly unfair to defendant's fundamental rights as to require overturning the entire proceedings.

The trial court, who presided at the original trial, thought not. This court, after reviewing the entire record, can find no clear error in that conclusion under all of the facts shown and therefore affirms.

All concur.