**Donald Wardner BENSON, Jr., Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 11528.**

Missouri Court of Appeals,
Southern District,
Division Three.

July 28, 1980.

Motion for Rehearing or to Transfer to Supreme Court Denied Aug. 20, 1980.

Application to Transfer Denied
Oct. 15, 1980.

Gary L. Robbins, Public Defender, Jackson, for movant-appellant.

John D. Ashcroft, Atty. Gen., Steven W. Garrett, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

On January 12, 1979, movant Donald Wardner Benson, Jr. entered a plea of guilty in the Circuit Court of Bollinger County to the charge of jail escape, § 557.-380, RSMo 1969. The trial judge sentenced him to 2 years' imprisonment and ran the sentence consecutively to a 4 year sentence that Benson had received in Cape Girardeau County on a charge of kidnapping.

After he was imprisoned, movant filed a 27.26 motion requesting that his sentence on the escape charge run concurrently with his kidnapping sentence, alleging "(a) No harm was applied; No act of violence was committed. I feel that six years would do myself more harm than good to both my family and myself. (b) I had a four year conviction on kidnapping running wild with my 2 yr. sentence, (c) I have a mother who lives in Tennessee, who I feel needs me at home."

In a letter to the trial court, which apparently accompanied the motion to run the sentences concurrently, movant asked the trial court to "review my case, and run my

2 year sentence (cc) with my 4 year sentence . . . I certanly (sic) hope Sir, after reading this letter and taking everything into consideration, that you will grant my request for a lesser sentence." The trial court denied the motion without an evidentiary hearing.

 On appeal, movant alleges in his sole point relied on, that the trial court abused its discretion in failing to grant an evidentiary hearing because "allegations and issues of fact raised in movant's motion are sufficient to entitle him to an evidentiary hearing as a matter of law." Movant does not say why the trial court's ruling was erroneous, in violation of Rule 30.06(d), V.A. M.R., and has not preserved the point for review. Appellate courts are not constrained to leaf the transcript on appeal nor are they required to explore the argument portion of appellant's brief to come by the possible intendments presented in a conclusionary and abstract fashion. *State v. McMillin*, 581 S.W.2d 612, 615 (Mo.App. 1979). Ex gratia, under Rule 30.02, V.A. M.R., we consider whether plain error affecting movant's substantial rights resulted in manifest injustice or a miscarriage of justice, *State v. Cullen*, 506 S.W.2d 22, 24 (Mo.App.1974), emanated from the trial court's refusal to grant an evidentiary hearing. As required by Rule 27.26(j), V.A. M.R., our review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. *Lillibridge v. State*, 499 S.W.2d 573, 578 (Mo.App.1973).

 The facts alleged in the motion to vacate, even if true, are not sufficient to entitle movant to an evidentiary hearing. *Parton v. State*, 545 S.W.2d 338, 342 (Mo. App.1976). What movant evidently is contending is that the 2 year sentence for jail break was excessive, or that running such sentence consecutively to his prior 4 year sentence for kidnapping was excessive. The maximum sentence for jail escape is 3 years. § 557.380, RSMo 1969. Movant's two year sentence was well within the punishment prescribed by the statute, and within the discretion allowed the trial court in such matters. *State v. Ore*, 567 S.W.2d 691, 694 (Mo.App.1978). Section 558.026 gave the trial court the discretionary right to run the 2 year jail escape sentence consecutive to the 4 year kidnapping sentence. *Cole v. State*, 553 S.W.2d 877, 882 (Mo.App. 1977). There is nothing in the record to even remotely indicate that it abused that discretion.

The findings, conclusions and judgment of the trial court in denying the motion to vacate are not clearly erroneous.

The judgment is affirmed.

All concur.