Anthony STARK, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 15908.

Missouri Court of Appeals,
Southern District,
Division Two.

April 14, 1989.

Pete E. Carter, Sp. Asst. Public Defender, Pearson & Carter, St. James, for movant-appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

A jury found the movant committed rape by having sexual intercourse with a girl less than 14 years old to whom he was not

married, § 566.030.3, and committed sodomy by having deviate sexual intercourse with that girl, § 566.060.3. He was sentenced as a prior offender to imprisonment for terms of eight years and seven years to run consecutively. His convictions and sentences were affirmed on direct appeal. *State v. Stark*, 728 S.W.2d 301 (Mo.App. 1987). Following an evidentiary hearing, his motion under Rule 27.26[1] attacking those convictions was denied.

The following condensation of the background of the proceeding is sufficient for consideration of movant's points on appeal. At movant's criminal trial there was evidence he was a neighbor of a twelve-year-old girl. She was the victim named in the information. On the evening in question a fourteen-year-old girl was spending the night with the victim. During the night the movant entered the bedroom where the girls were sleeping. He first committed acts which constituted sexual intercourse and deviate sexual intercourse with the twelve-year-old girl. He then committed similar acts upon the fourteen-year-old girl. The movant testified. His defense was alibi.

The movant's motion under Rule 27.26 is replete with allegations of conclusions of injustice and error and citations of legal propositions. By a construction favorable to the movant it can be considered to assert the following factual allegations. The movant received constitutionally ineffective assistance of counsel for the following reasons. Counsel failed to investigate inconsistencies between the victim's statements given to the police and her statements in her deposition. He failed to develop a defense based upon the proposition the offenses could not have been committed upon a twelve-year-old girl whose hymen was intact. Counsel failed to interview the physician who examined the victim and obtain an independent medical opinion. He failed to object to evidence of the victim's statements to the authorities, the admission of a sheet soiled with semen and blood, and improper comments by the judge and prosecuting attorney before the jury. He failed to file a motion for a new trial upon the basis the fourteen-year-old girl recanted her previous statement incriminating the movant.

As stated, an evidentiary hearing was held upon movant's motion under Rule 27.-26. In the course of that hearing the motion court acknowledged and acceded to movant's request to take judicial notice of the criminal trial file and transcript. Following the hearing the motion court made detailed findings of fact and conclusions of law and denied the motion. By his brief the movant purportedly states three points on appeal. None of these points is based upon a ground for relief factually alleged in the motion.

The reason for the departure is apparent. The evidence at the motion hearing developed the following. There were no depositions of the victim. Trial counsel did examine and consider the transcript of her testimony at the preliminary hearing. He was not aware of a prior inconsistent statement made by the victim. Movant did not present evidence of any such statement. Trial counsel learned the sexual acts could be committed without rupturing the hymen. Trial counsel did interview the examining physician. He did object to the introduction of the bed sheet. He did file a motion for a new trial based upon a purported recantation by the fourteen-year-old girl. It was based upon written statements supplied to trial counsel by a Cheryl Grubaugh, a friend of the movant. The movant apparently expected to bolster his mistaken allegation concerning failure to present the recantation by calling the fourteen-year-old girl (18 years old at the time of the motion hearing) as a witness. Her testimony, together with the transcript of the hearing upon the motion asserting the recantation, establish that purported recantation to be utterly without merit.

■ Nonetheless, such a collapse in the attempted proof of grounds for relief alleged in a motion for post-conviction relief does not justify an attempt to present dif-

---

**1.** Movant's sentence was pronounced before and his motion under Rule 27.26 was pending on January 1, 1988. Post-conviction relief is governed by the provisions of former Rule 27.26.

ferent grounds for relief on appeal. *Mallett v. State*, 716 S.W.2d 902 (Mo.App. 1986).

It is clear that neither movant's original motion nor his amended motion embody the allegation of error contained in his point relied on in this appeal. Generally, a variance between a claim advanced in a Rule 27.26 motion and claim on appeal leaves nothing to review. *Plant v. State*, 547 S.W.2d 835, 836 (Mo. App.1977). However, at the evidentiary hearing on movant's 27.26 motion, testimony was presented concerning movant's capacity to stand trial. This testimony was received without objection from the state. The hearing court addressed the issue in its findings and conclusions. Under these circumstances it may be reviewed on appeal. The 27.26 motion will be treated as amended to conform to the evidence. *Laws v. State*, 708 S.W.2d 182, 184 (Mo.App.1986).

*Guinan v. State*, 726 S.W.2d 754, 756–757 (Mo.App.1986), cert. denied, ── U.S. ──, 108 S.Ct. 210, 98 L.Ed.2d 161 (1987).

Movant did not raise these issues in his Rule 27.26 motion or in his Rule 27.26 hearing which dealt with various allegations of ineffective assistance of counsel. If issues are not presented to the trial court in the motion to set aside the convictions and the hearing did not focus in on the issues, they may not be considered on appeal.

*Anderson v. State*, 647 S.W.2d 883, 884 (Mo.App.1983).

■ The movant has apparently reviewed the trial transcript and as a result he attempts to state three points for appellate review. Each of movant's points contains the following recital: "in that the court took judicial notice of the trial file in *State vs. Stark*, case number CR384–8F and the trial transcript and motion for new trial contained therein...." The issues properly presented on appeal may not be expanded upon the basis the motion court took notice of the record and transcript of the underlying criminal trial. That notice does not focus upon an unpleaded issue

within the limitation expressed in the cases cited above.

■ The movant's first point is that he received ineffective assistance of counsel because trial counsel failed to object to the trial judge questioning the examining physician. This point states nothing for appellate review. First, the argumentative basis of the point was not pleaded. *Mallett v. State*, supra. Second, it is a conclusory, not factual, allegation. *Jones v. State*, 600 S.W.2d 189 (Mo.App.1980). An ex gratia examination of the argument discloses movant refers to the following questions and answers:

Q. You indicated that the hymen is an elastic sort of organ, is that correct?

A. Uh-huh.

Q. So it was stretched somewhat, is that right, ...

A. ... Uh-huh.

Q. ... without breaking?

A. Without breaking.

A court has an inherent power to interrogate witnesses. Questions by the court are proper where the purpose is to develop more fully the truth and to clarify testimony that has already been given. In so doing, the judge must maintain a neutral attitude and should avoid any demonstrated hostility which might impair the atmosphere of impartiality.

*State v. Collier*, 624 S.W.2d 30, 33 (Mo. App.1981). Also see *State v. Lay*, 427 S.W. 2d 394 (Mo.1968). The questions referred to above were in neutral and impartial language to clarify the evidence and were not error. Trial counsel was not derelict for failure to interpose an ineffective objection.

The movant's second point is that trial counsel was ineffective in "failing to object to the prosecuting attorney's improper closing argument...." This stated point does not refer to a pleaded ground for relief. Nor does it refer to any specific argument. It is a conclusory statement and has no merit. *Benson v. State*, 604 S.W.2d 652 (Mo.App.1980).

■ The movant's third point is that trial counsel was ineffective because

the chief medical witness for the state testified about a statement contained in a book and not from her own personal knowledge and no proper foundation was laid by the state for introduction of this type of evidence and that the medical evidence went to a key issue and movant's trial attorney failed to object to the admission of this evidence and movant was harmed thereby.

This point has no merit. Again, it seeks relief in this court upon a ground not pleaded or "focused upon" before the trial court as required by the authorities cited above.

Moreover, the answer referred to was repetitious of prior testimony of the witness given without reference to a book. The movant's defense was alibi. It is not necessary to engage in a lengthy discussion concerning whether or not trial counsel should have objected to the cited testimony.

> A movant 'must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim.' *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original). A motion court and this court may proceed directly to the issue of prejudice without first determining whether counsel's conduct was deficient.

*Chaney v. State*, 757 S.W.2d 226, 227 (Mo. App.1988). This court determines the movant has not shown there is a reasonable probability that had trial counsel objected to the cited testimony the result of the proceeding would have been different. *Presley v. State*, 750 S.W.2d 602 (Mo.App. 1988). The movant's point is denied. The judgment of the motion court is affirmed.

FLANIGAN, P.J., and PREWITT, J., concur.