Daniel C. CHANEY, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 53782.

Missouri Court of Appeals,
Eastern District,
Division One.

July 12, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 24, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Donald L. Wolff, Clayton, for movant-appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of forcible rape and forcible sodomy for sexually assaulting the victim while wielding a knife. He was sentenced to consecutive prison terms of 20 and 10 years. We affirmed his convictions on direct appeal. *State v. Chaney*, 663 S.W.2d 279 (Mo.App. 1983).

While the facts of the case are detailed in the opinion from movant's direct appeal, for purposes of reviewing this case, we believe certain facts should be set forth in this opinion. The victim testified that she and movant were in vehicles parallel to each other on Interstate Highway 270, that movant gestured in such a manner that she believed she had car or tire trouble, that she and movant drove their vehicles onto the shoulder of the highway, that he looked under the hood of her car, and that he ultimately got in her car and raped and sodomized her. She claimed there was nothing wrong with her car. Movant testified at trial to the following: the victim was the one who gestured, indicating either her car or his truck had trouble; both drove to the side of the road, and he examined her car and found nothing wrong; she encouraged him to get into her car, advanced on him, and masturbated him and herself; and he did not rape or sodomize her. A passer-by testified he saw the vehicles on the shoulder of the highway and identified movant as the man examining the victim's car. Several witnesses testified concerning the victim's statements and emotional state after the attack.

On April 15, 1987, movant filed a Rule 27.26 motion, stating numerous claims, including ineffective assistance of trial counsel. After an evidentiary hearing, the motion court issued findings of fact and conclusions of law denying his motion.

In his principal point on appeal, movant contends the motion court erred in finding he was not denied effective assistance of counsel based on counsel's alleged pre-trial disclosure of his "defense" to the state's medical witness.

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915. The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

■ To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original). A motion court and this court may proceed directly to the issue of prejudice without first determining whether counsel's conduct was deficient. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069–2070; *Richardson*, 719 S.W.2d at 915–16.

In his motion, movant alleged his trial counsel, Kenneth McManaman, "revealed the defense theory of the case to Dr. Bo[s]che, an endorsed state witness, the night before trial, and Dr. Bo[s]che in turn relayed the information to ... the prosecutor." During trial, the prosecutor made the following statements at the bench:

MR. BARRY [the prosecutor]: For the record, so the Court is clear as to my intentions, last night I spoke with Dr. Bosche, the victim's physician, and he— evidently Dr. Bosche held a discussion with Mr. McManaman wherein Mr. McManaman had told him what his defense was going to be. Dr. Bosche communicated that to me. Based upon what that defense [was] I contacted that victim's mechanic after finding out who that was, and asked him to bring these in this morning.

THE COURT: Yeah.

MR. BARRY: Now, it was my impression from what Dr. Bosche told me when the Defendant took the stand he would say that there was nothing wrong with the victim's automobile. And as of this morning, and not before, that I had formulated a desire or intention to possibly use Mr. Leach, her mechanic, on the stand.

At the evidentiary hearing on movant's motion, McManaman testified he spoke with Dr. Bosche the night before trial to discuss his testimony. Counsel stated he could not determine the doctor's testimony without "at least discussing with him our perspective of the case," but he did not discuss a defense theory with the doctor. The motion court found McManaman discussed "the possibilities of the evidence with Dr. Bosche" but did not reveal movant's defense. The court also found movant suffered no prejudice from his counsel's action.

■ Assuming counsel was ineffective, we do not believe the motion court clearly erred in finding movant suffered no prejudice. Both the victim and another witness placed movant at the scene of the crime with the victim, and there was no indication movant was intoxicated or had a mental defect or disease. Based on this information the prosecutor would have been able to anticipate two probable defense theories: the victim consented to the sexual acts, or movant did not commit the acts. McManaman's disclosures did not reveal defense theories or strategies which the state could not have expected. At trial movant denied committing a crime and asserted that what-

ever sexual contact occurred, the victim consented to it. Further, it appears from the prosecutor's statements that McManaman told Dr. Bosche movant would testify there was nothing wrong with the victim's car. However, the victim also testified the car worked properly, and, thus, the disclosed testimony was not at issue. The prosecution did not call the victim's mechanic at trial and presented no rebuttal evidence. Movant did not show, nor do we see, how McManaman's alleged error gave the state an advantage over him at trial. Movant failed to prove that, absent his counsel's disclosure, there is a reasonable probability the fact finder would have had a reasonable doubt respecting guilt. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Richardson,* 719 S.W.2d at 916. We have examined the record and conclude the court's findings on the issue of ineffective assistance of counsel are not clearly erroneous.

■ Movant's other complaints concern errors he contends were committed by the motion court during the evidentiary hearing. He claims the motion court erred in permitting McManaman's counsel to participate in the evidentiary hearing. Although McManaman was merely a witness, not a party to the Rule 27.26 proceeding, his counsel participated as if he were a party; cross-examining witnesses and objecting to evidence. Movant failed to make an objection on the record at the evidentiary hearing to this unusual and *improper* procedure and failed to preserve this issue for appeal. *Estate of DeGraff,* 560 S.W.2d 342, 346 (Mo.App.1977); *see Grippe v. Momtazee,* 696 S.W.2d 797, 798 (Mo. banc 1985). The affidavit of movant's counsel attached to his brief preserves nothing; an appellate court will not consider matters outside of the record. *State ex rel. Freeze v. City of Cape Girardeau,* 523 S.W.2d 123, 127 (Mo.App.1975); *see Browning– Ferris Industries of Kansas City v. Dance,* 671 S.W.2d 801, 807 (Mo.App.1984). Moreover, we perceive no prejudice to movant from the participation of McManaman's counsel.

In movant's final point he contends "the court erred by not allowing [movant's] attorney to question Mr. McManaman regarding the allegations of prosecutorial misconduct." This point preserves nothing for review because it does not state "wherein and why" the court's ruling was erroneous as required by Rule 84.04(d). *Plant v. State,* 547 S.W.2d 835, 837 (Mo.App.1976). Nevertheless, we have examined the record of both the original trial and the evidentiary hearing and conclude that the motion court's ruling did not result in a "manifest injustice" to movant. Rule 84.13(c).

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.